## McDOUGALD v. REID & TALBOT.

1. A decree in bankruptcy, obtained according to the statute, operates at once as a discharge of all the debts of the bankrupt, whether reduced to judgment or not.
2. A levy made, on an execution against the bankrupt, which issued previous to his obtaining his discharge, but after the filing of his petition, will be quashed by the court out of which it issued, on motion.

ERROR to the Circuit Court of Macon.

This was a motion in the court below, by the defendants in error, to quash an execution, and levy thereon, which had issued on a judgment of the plaintiff against them, subsequent to the time of their making application to the United States Court for the Southern District of Alabama, and upon which they had obtained a decree in bankruptcy. Upon the trial of the motion, the defendants produced the record of the proceedings in bankruptcy, showing the petition, schedule, decree in favor of the petitioner, and confirmation thereof by the Hon. Wm. Crawford, certified by the clerk under the seal of the court ; whereupon, the court overruled the objection made to the admission of the transcript, and quashed the execution and the levy thereon, from which this writ is prosecuted.

The error assigned is, the court erred in quashing the execution.

GOLDTHWAITE, for the plaintiff in error.
BILLINGSLEA, *contra*.

ORMOND, J.—This cause was submitted without argument. It is stated in the bill of exceptions, that the plaintiff objected to the transcript, and certificate of the record in bankruptcy, but no

particular cause was assigned for its rejection, nor has any been stated here.   On looking into it, it appears to be regular.   The petition was filed prior to the issual of the execution, and, as is stated in the judgment, *prior* to the judgment.   The plaintiff is recited in the petition as one of the creditors of the petitioner.—Some of the creditors appeared and contested the right of the petitioner to be declared a bankrupt; and that upon the hearing, he was by the court declared a bankrupt, and the decree, under the seal of the court, ordered to be certified and delivered to the bankrupt, on the 5th April, 1842.   This decree was confirmed at a subsequent term of the court, held on the 4th Monday of December, 1842, when it is recited that the petitioner had complied with all the requisitions of the act of Congress, and that no written dissent had been filed to the decree previously made by a majority in value and number of the creditors who have proved their debts, and no cause being shown to the court why the prayer of the petitioner should not be granted, "it was ordered by the court, that Hiram Reid be and accordingly hereby is fully discharged of and from all his debts owing by him at the time of the presentation of his petition, to be declared a bankrupt, &c."

Similar proceedings were also had in the case of the other defendant.

Nor can any doubt exist that the proceedings of the United States Court, under the seal of the court, and certified by its clerk, must be received as true, without further proof.   The only question, then, which remains, and the only one which it is probable was intended to be raised in this court, is, what is the effect of a decree in bankruptcy upon a debt in suit, or upon a judgment obtained against the debtor, pending his application for a discharge from his debts under the bankrupt law?

The 4th section of the bankrupt law declares, "That every bankrupt who shall *bona fide* surrender all his property, and rights of property, with the exception before mentioned, for the benefit of his creditors, and shall fully comply with and obey all the orders and directions which may, from time to time, be passed by the proper court, and shall otherwise conform to all the requisitions of this act, shall (unless a majority in number and value of his creditors who have proved their debts, shall file their written dissent thereto) be entitled to a full discharge from all his debts, to be decreed and allowed by the court which has declar-

ed him a bankrupt, and a certificate thereof granted by such court accordingly, upon his petition filed for such purpose; such discharge and certificate not however to be granted until after ninety days from the decree of bankruptcy, &c.; and such discharge and certificate, when duly granted, shall in all courts of justice be deemed a full and complete discharge of all debts, contracts and other engagements which are provable under this act, and shall and may be pleaded as a full and complete bar to all suits brought in any court of judicature whatever, and the same shall be conclusive evidence of itself, in favor of such bankrupt, unless the same shall be impeached for some fraud or wilful concealment by him of his property or rights of property as aforesaid, contrary to the provisions of this act, or prior reasonable notice, specifying such fraud or concealment," &c.

During the present term we have held that the filing of a petition for the benefit of the act, did not arrest the progress of a suit for a debt due by the petitioner; because, until the decree in bankruptcy, it could not be known whether he would be discharged from the debt; but the decree when made in conformity with the statute, by operation of law, at once discharges the bankrupt from his debts, whether reduced to judgment or not. The judgment being discharged, the *lien* of the execution was gone, and could no longer sustain the levy made whilst it was in force. The court, therefore, did not err in quashing the levy. It appears, also, that the court quashed the execution; but this was a mere act of supererogation, and could not prejudice any one.

Let the judgment be affirmed.