JOHN L. DODGE and another *vs.* LORENZO ALLIS, impleaded, etc.

December 28, 1880.

**Final Decree in Foreclosure Suit—Appeal—Matters reviewable.**—An appeal may be taken, as from a judgment, from the "final decree," in an action to foreclose a mortgage entered pursuant to Gen. St. 1878, *c.* 81, § 36. Upon such appeal no alleged error in the judgment directing a sale under section 29, *c.* 81, can be reviewed. To obtain a review of that judgment, an appeal must be taken from it.

*Same—May vest title in Mortgagor—Presumption as to Redemption.*—When
the application for the "final decree" is made by the purchaser or his
assigns, the court may at his request enter the decree vesting the title
in any person the applicant may name. No party to the action can
allege that as error, unless he shows that he was prejudiced by it.
When, by request of the applicant, the title is vested in the mortgagor
defendant, the court will not presume, in favor of a defendant claiming
to be a purchaser from the mortgagor, subsequent to the mortgage,
that there was an assignment by the purchaser to the mortgagor, such
as to operate as a redemption.

Plaintiffs brought this action in the district court for Ramsey county to foreclose a real estate mortgage made by the defendant William F. Davidson, the defendant Allis being made a party as a subsequent purchaser from Davidson of an undivided moiety of the mortgaged property. The mortgage was made June 23, 1868, to secure an indebtedness, bearing interest at seven per cent., and was assigned to plaintiffs on September 13, 1873. The assignment was recorded November 30, 1874. Afterwards, by agreement between plaintiffs and Davidson, the time for payment of the mortgage debt was extended two years, and the rate of interest increased to ten per cent. per annum. The defendant Davidson made default. The defendant Allis, in his separate answer, alleged that on November 1, 1873, the defendant Davidson conveyed to him in fee an undivided moiety of the mortgaged premises, the conveyance being duly recorded on December 29, 1873, and prayed that the foreclosure and sale prayed for in the complaint be denied as to such undivided moiety, and that such undivided moiety be adjudged to be free and clear of the mortgage; and if such relief be denied, then that Davidson's undivided moiety be first sold, and for general relief.

The plaintiffs having moved for judgment on the pleadings, the defendant Allis urged that by the agreement extending the time for payment of the debt and increasing the rate of interest, the undivided moiety of the mortgaged property then owned by him was discharged from the lien of the mortgage. The court overruled the point, and ordered judgment for a

sale of the property to satisfy the mortgage debt with interest computed at seven per cent. per annum, and that Davidson's moiety be first sold, and that Allis's moiety be sold only to make up any deficiency existing in case 'the proceeds of the first sale should be insufficient to pay the amount due plaintiffs. In accordance with this order, judgment was entered on November 6, 1876, directing a sale of the property.. The sales were made on December 23, 1876, Davidson's moiety being first sold, and, that proving insufficient to satisfy the mortgage debt, Allis's moiety was also sold, the plaintiffs becoming the purchasers at both sales, and receiving the usual certificate. The sheriff made due report of the sales, stating that plaintiffs were the purchasers, and on January 6, 1877, an order was made confirming the report.

On October 18, 1879, the plaintiffs filed an affidavit showing that no redemption had been made, and served notice on the attorneys for the various defendants (including Allis) that, on the records and files in the cause, the plaintiffs would make application on October 28, 1879, "for a final decree of foreclosure in said action, pursuant to the statute in such case made and provided." Pursuant to this notice application was made, and on October 28, 1879, a decree was granted, which recites that the sheriff, pursuant to the judgment, sold the mortgaged premises on December 23, 1876, "to William F. Davidson, in separate parcels," (which are particularly described,) "for the aggregate sum of $42,717.21, as by reference to said report will more fully appear, the said William F. Davidson being the highest bidder," etc., and also recites the filing of his report by the sheriff, and its confirmation, on due notice, on January 6, 1877, and that more than one year has elapsed since the confirmation, and that it satisfactorily appears to the court that the premises have not been redeemed from the sale, and that no notice of intention to redeem has been filed in the court. After these recitals, the decree proceeds: "Now, on motion of Williams & Davidson, attorneys for plaintiffs, due notice of such motion

having been given, it is hereby adjudged and decreed that the title to said above-described premises is vested in said William F. Davidson or his assigns, free and clear of all equity of redemption of said defendant, or any parties in said judgment, or any person claiming under them since the commencement of this action." From this judgment the defendant Allis appealed.

*Allis & Allis*, for appellant.

A judgment of the district court, to be appealable, must be a final judgment—a judgment which is rendered upon the final determination of the action, and which must "specify clearly the relief granted or other determination of the action." Gen. St. 1878, *c.* 66, §§ 262, 263, 273; *Von Glahn* v. *Sommer*, 11 Minn. 132 (203;) *Lamb* v. *McCanna*, 14 Minn. 513; *Rogers* v. *Holyoke*, Id. 514; *Searles* v. *Thompson*, 18 Minn. 316; *Ryan* v. *Kranz*, 25 Minn. 362; *Chesterson* v. *Munson*, 26 Minn. 303; 2 Dan. Ch. Pr. 1192–1204; 4 Wait Pr. 244; *Butler* v. *Lee*, 3 Keyes, (N. Y.) 70; *Adams* v. *Fox*, 27 N. Y. 640; *Tompkins* v. *Hyatt*, 19 N. Y. 534; *Cruger* v. *Douglass*, 2 N. Y. 571; *Jaques* v. *Methodist Church*, 17 John. 548; *Juan* v. *Ingoldsby*, 6 Cal. 439; *De Barry* v. *Lambert*, 10 Cal. 503.

The statute as to foreclosure by action provides that "judgment shall be entered, under the direction of the court, adjudging the amount due, with costs and disbursements, and the sale of the mortgaged premises, or some part thereof, and directing the sheriff to proceed and sell the same," and make report to the court. Gen. St. 1878, *c.* 81, § 29. Such judgment merely determines the amount of the mortgage debt and directs a sale. All other questions are reserved for the future action of the court. Thus, the first judgment cannot lawfully foreclose the defendants of their estate or equity of redemption in the premises sold. The statute gives a year from the sale in which to redeem, and section 36 provides for a "final decree" after the expiration of that period. Clearly, this decree is the final decree of foreclosure in cases under this statute, and there can be no doubt that an appeal lies from

this decree. And it is equally plain that no appeal lies from the judgment provided for in section 29, *as a judgment*; for, as a judgment, it is neither final nor complete, and therefore is not a judgment in the sense in which the word is generally used in our statutes, nor such a judgment as the statute authorizes an appeal from. It is strictly a mere interlocutory decree or judgment, or more properly, in the nomenclature of our statutes, an intermediate order. As "an order involving the merits of the action," it may be appealable, and as such it is also reviewable on appeal from the "final decree," which is the final judgment in the action. But if the first judgment is not reviewable on appeal from the final decree, yet on such appeal the court can review the decision and action of the court upon plaintiffs' motion for judgment on the pleadings; for such decision and order, though not themselves appealable, involved the merits and necessarily affected both the judgment of sale and the judgment or final decree of foreclosure, and are therefore reviewable on this appeal.

Counsel also argued that the court erred in directing a sale of the undivided moiety of Allis, and in not holding that such moiety was released from the lien of the mortgage by the agreement between plaintiffs and Davidson for an extension of time of payment of the mortgage debt; that Allis having purchased and taken his deed of his moiety for value and in good faith, he and his property stood in the relation of surety for Davidson, the mortgage debt being wholly and exclusively the debt of Davidson. Brandt on Suretyship, §§ 21, 22; *Lowry* v. *McKinney*, 68 Pa. St. 294; *Neimcewicz* v. *Gahn*, 3 Paige, 614, 642; *Johnson* v. *White*, 11 Barb. 194; Jones on Mortgages, §§ 722–734, 741, 742, *et seq.*

*Williams & Davidson*, for respondents.

GILFILLAN, C. J. Appeal from what the statute (Gen. St. 1866, c. 81, § 33; Gen. St. 1878, c. 81, § 36,) designates a final decree in an action to foreclose a mortgage. The objection is made, by motion to dismiss, that an appeal will not lie from such a decree; or, if one will lie, it must be

taken as from an order—within 30 days. Whether it is to be deemed a judgment or order, inasmuch as legal rights are or may be determined by it, there is undoubtedly a right of appeal; and, although it is not designated as a judgment but as a decree, as it has in its effect upon the matters determined by it, and in the mode of its entry, all the essentials of a judgment, it should be appealed from as such. The motion to dismiss is denied.

An important question in the case is, can this court, upon an appeal from the so-called "final decree," consider alleged errors in the judgment directing the sale, or must an appeal from that judgment be brought to secure a review of it? This must depend on the question which is to be deemed the final judgment determining the action, and settling the rights of the parties to it. The question is not difficult to answer. The judgment directing the sale (Gen. St. 1866, *c.* 81, § 26; Gen. St. 1878, *c.* 81, § 29,) adjudges the amount due, with costs and disbursements, and the sale of the mortgaged premises or some part thereof to satisfy said amount, and directs the sheriff to proceed and sell the same, etc. This judgment determines all the issues in the action, and provides just the relief to which the plaintiff is entitled. When it is entered, all controversy as to the respective rights between the plaintiff and the several defendants with respect to the mortgage and the right to enforce it is determined. All that follows it —the sale, report of sale, confirmation, etc.—are merely to carry into effect and enforce the determination of the rights of the parties which the judgment makes. The "final decree" does not determine any issue, nor any of the merits between the parties, nor adjudicate any of the rights between them as parties, nor contain any provision which affects the relief to which the plaintiff is entitled. Before it can be entered, plaintiff must have got all the relief he is entitled to in the action. The property has been sold, and the proceeds are presumed to have been applied as directed by the judgment. It is not a judgment upon the matters involved in

the action.   The application for the decree and the entering
of it, though done in the action, is not a proceeding between
the plaintiff and the defendants or any of them, or between
any of the parties to the action, as parties.   It is a proceed-
ing on behalf of the purchaser, whoever he may be, as pur-
chaser.   The decree is for his benefit, and not for the benefit
of any party to the action.   Any controversy which may
arise on the application must be between him and one or
more of the parties.   No controversy between the parties to
the action, in their character of such parties, can then be
determined.   The provision for such a "final decree" may at
first sight seem singular, yet it is undoubtedly a wise pro-
vision.   It is intended to determine in the original action, as
between the purchaser and all the parties to the judgment
for the sale, that there has been no redemption, and to afford
to the purchaser record evidence in the way of a decree or
judgment, conclusive as to all the parties, that the title is in
the purchaser free from any right to redeem.   On an appeal
from the "final decree" no error can be alleged against the
judgment for a sale.   To review that judgment an appeal
must be taken from it.

The judgment for the sale was entered November 6, 1876,
the sale under it made December 23, 1876, and the report of
sale was confirmed January 6, 1877.   As appears by the
report, the plaintiffs in the action were the purchasers.   Appli-
cation by plaintiffs for the final decree was noticed for Octo-
ber 28, 1879, long after all rights of redemption were barred
by lapse of time.   The decree was entered the same day.
The decree is, of course, taken to be correct; a party seeking
to reverse it must show that it is erroneous, and that the
error prejudices him.

The defendant Allis, appellant here, alleges it to be erro-
neous, in that it adjudges the title to be in defendant Davidson,
who was not the purchaser; and it does not appear that he
was the assignee of the purchaser.   The decree was entered
on the motion of the plaintiffs, who were the purchasers.   So

far as appears, they were the only persons who then had any interest in the title which passed by the sale. If they consented that the title should, nevertheless, be vested by the decree in any other person, it was a matter between them and such person. It is not apparent how any other party to the action, whose right of redemption was then barred, could be prejudiced by it. Appellant claims that, to justify the decree in vesting the title in Davidson, there must have been an assignment to him from the purchaser; and that such assignment to him, he being the debtor and mortgagor, would have operated as in favor of appellant, his grantee of an undivided half of the property subsequent to the mortgage, as a redemption from the sale; and in that case a decree vesting the entire title in Davidson as against him could not be entered, and the entering it was therefore error prejudicial to him. This argument rests, not on a state of facts shown by the record, but one which has only assumption and conjecture to sustain it. First, it does not appear that, prior to the actual entry of the decree, there was anything between plaintiffs and Davidson in the nature of an assignment. Further, if that had appeared, there is nothing to show it was made at such a time that it would take effect as a redemption, nor is there anything to show that Davidson owed Allis any duty to redeem. In the pleadings between plaintiffs and Allis in the action to foreclose, a conveyance of an undivided half of the property by Davidson to him, subsequent to the mortgage, is alleged by Allis in his answer, and admitted by plaintiffs in their motion for judgment. But that did not conclude Davidson, nor would the answer of Allis and the admission of plaintiffs be evidence of the fact as against him. In that action no issue of the kind was tendered to him, and no situation of the action prior to the judgment for sale occurs to us in which it could be, so that it could be litigated and determined between them.

It is also objected that the notice of application for the decree was given by plaintiffs, and that under that notice

only a decree vesting the title in them, and not one vesting it in some one else, could be entered. The purchaser or his assigns should make the application, and, of course, he must give the notice. A notice by one not holding, at the time of serving it, that position, would not do. Whether, upon his assigning after the notice, the proceeding would have to drop and be renewed by the assignee, or the application could still be made by the party serving the notice, for the benefit of his assignee, we do not find it necessary to determine. But we see no reason why, the notice and application being served and made by the right person, he may not on the hearing request a decree vesting the title in any one he may name, and the decree be so entered—certainly, so far as the other parties in the action, in their character as such parties, are concerned.

Decree affirmed.