# FARMERS & MERCHANTS STATE BANK OF CORRELL v. JOE KOHLER.[1]

April 4, 1924.

No. 23,808.

**Chattel mortgage of no binding effect.**

1. Action in replevin for possession of property claimed under a chattel mortgage. The finding that the mortgage never became operative or binding is sustained by the evidence.

**Finding of fraudulent representations sustained by evidence.**

2. The findings that defendant was induced by false and fraudulent representations to enter into a contract for the purchase of a farm and to execute certain promissory notes in connection with the transaction are also sustained by the evidence.

**Bank chargeable with notice of its officers' fraud.**

3. Where the officers of a bank make fraudulent representations in a transaction in which they are the sole representatives of the bank, the bank is chargeable with knowledge of the fraud, although the officers made the representations for the purpose of benefiting themselves personally.

**Issue of fraud for the court.**

4. The pleadings and evidence presented the claim of fraud in procuring the notes held by the bank as an issue for the court to determine.

**Plaintiff not affected by erroneous judgment.**

5. The judgment, so far as it purports to determine the rights of persons not parties to the action, is ineffective, but such errors do not affect plaintiff.

**Rulings without error.**

6. There were no reversible errors in the rulings.

[1]Reported in 198 N. W. 413.

Action in replevin in the district court for Big Stone county to recover possession of grain and cattle or $3,583.60, the value thereof. The case was tried before Flaherty, J., who made findings and ordered judgment in favor of defendant. From an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*F. W. Murphy*, for appellant.

*Cliff & Purcell*, for respondent.

TAYLOR, C.

This is an action to obtain possession of some 70 head of cattle and a considerable quantity of grain claimed by plaintiff under a chattel mortgage. Defendant asserted that the mortgage and the note secured by it were void and of no effect for the reasons set forth in a lengthy answer and asked that they be surrendered and cancelled.

Defendant, with his family, resided on a farm owned by his wife, Ida Kohler, near the village of Correll. On August 27, 1919, he entered into a contract with W. A. Kyes for the purchase of an adjoining farm. The transactions relating to and growing out of this contract are set forth in detail in the answer and in the findings of the court, and will be mentioned later. The chattel mortgage covered the crops raised on both farms. The court found that defendant signed both note and mortgage under the express agreement that neither should become operative nor have any effect or validity unless assented to and signed by Ida Kohler; that, pursuant to such agreement and on the same day, plaintiff's cashier took them to the farm and requested Ida Kohler to sign them; that she refused to sign them and has refused to sign them ever since; that, upon such refusal, defendant asked that the note and mortgage be returned to him but plaintiff refused to return them; and that by reason of the above facts the note and mortgage never became operative and are wholly void.

The court made further findings to the effect that J. J. De Wall and H. H. De Wall were respectively president and cashier of plaintiff bank, and had the active management of its affairs; that they and W. A. Kyes and others were directors; that an association for

buying and selling lands existed among the officers of the bank; that of the profits derived from these transactions the bank received 20 per cent, the two De Walls and Kyes each received 20 per cent, and the other members of the association received the remaining 20 per cent; that on June 16, 1919, Kyes entered into a contract to purchase the before mentioned farm from Frank L. Cliff and John J. Purcell for the sum of $9,600, payable $2,000 in cash; $2,000 on the first day of March, 1920; $2,600 on the first day of March, 1921, and the balance by assuming a mortgage of $3,000 on the land; that all the negotiations for this purchase were conducted by H. H. De Wall and Kyes took no part therein except to sign the contract; that in August, 1919, J. J. De Wall represented to defendant that Kyes was the absolute owner of this land free from any encumbrance; that if defendant would purchase it for $10,800 and pay $2,000 down Kyes would give him 10 years in which to pay the remaining $8,800; that defendant went to the bank where the De Walls drew up a contract dated August 27, 1919, for the sale of this land by Kyes to him which they represented gave him 10 years to pay all except the initial payment of $2,000, he to pay the interest and taxes each year and such part of the principal as he wished; that they drew up a note for the balance of $8,800 and represented that that was to the same effect; that defendant is an illiterate German, with little or no business experience and has much difficulty in speaking or understanding English; that he had known the De Walls for many years, had consulted J. J. De Wall whenever in need of advice in his business affairs, and had confidence in and relied upon them; that believing their representations to be true and relying upon them, he executed the contract and note, and made the initial payment; that in fact both the contract and note required him to pay the $8,800 on the first day of March, 1920, instead of giving him 10 years in which to make such payment as he understood and believed; that when the payment of $2,000 to Cliff and Purcell became due from Kyes in March, 1920, defendant was requested to pay it and executed two notes to the bank, one for $2,000 and one for $1,200, which, without his knowledge, were indorsed as payments on his note for $8,800; that

these notes were given upon the representation made by the bank and its officers that they were to be used only to protect defendant's interest in the land and secure him the promised 10 years time to pay for it; that when the payment of March, 1921, to Cliff and Purcell became due the bank sought to secure a loan on the land in the name of Kyes for the purpose of making this payment and discharging the prior mortgage on the land, but was unable to do so; that thereupon the bank induced defendant to sign a note for $3,468 in renewal of the two notes of $2,000 and $1,200 with interest added, and to sign the chattel mortgage under which plaintiff claims the property in controversy as security for its payment; that, in addition to the agreement before stated that this note and mortgage should be of no effect unless signed by Ida Kohler, defendant signed them with the distinct understanding and belief that they were to be used in securing a loan on the land which would give him 10 years in which to pay for it; that Kyes took no part in any of the negotiations or transactions except to sign the contracts as prepared by H. H. De Wall; that the bank through its officers and directors had full knowledge of everything that took place; that in October, 1921, the contract executed by Cliff and Purcell to Kyes was terminated and canceled for failure to make the payment thereon due in March, 1921; and that the consideration for each and all of the notes given by defendant has wholly failed.

The court rendered judgment annulling the chattel mortgage in question and the note secured by it on the ground that they had never become binding, and annulling the contract and all the notes executed by defendant on the ground that they had been procured by fraud, and on the further ground that the consideration for them had wholly failed for the reason that Kyes had been divested of all interest in the land by the cancelation of his contract to purchase it.

Plaintiff appealed from the judgment and also from an order denying a new trial.

Plaintiff contends that the findings of fact are not justified by the evidence. The misrepresentations charged are flatly denied, but

we find in the record sufficient evidence to sustain the findings. The testimony is lengthy and we shall not attempt to recapitulate or summarize it. The contract as actually drawn required defendant to pay the entire purchase price within less than 7 months from its date.

Defendant's story is to the effect that he had refused an offer of the land at a lower price 2 or 3 months earlier, for the reason that that offer required him to pay the entire purchase price within 3 years; that De Wall stated that Kyes owned the land free from all encumbrance and would sell it to him for a cash payment of $2,000 and give him 10 years in which to pay the balance; that he had lived near the De Walls, who are father and son, for many years and had been in the habit of going to the elder De Wall for advice in his business affairs; that he was unable to read English print except imperfectly and wholly unable to read English writing, and trusted the De Walls to prepare papers which would give him the land on the terms stated; that all the papers were drawn by H. H. De Wall; that he signed all that were presented to him for signature, and did so on the representation and in the belief that they would enable him to obtain the land if he paid the remaining $8,800 in 10 years, and without knowing that they contaned any other or different provisions; that he did not know that he had signed two notes, one for $2,000 and one for $1,200, until he was asked to sign the renewal note of $3,468 in March, 1921, by H. A. Blocker who had succeeded H. H. De Wall as cashier of the bank; that he then learned that Kyes was not the owner of the land, but had only a contract for its purchase which was about to be canceled; and that, in order to avoid losing the $2,000 which he had paid, he tried to obtain a loan on the land of enough to pay the amounts for which it was held as security, but was unable to do so. The record shows that it was difficult to elicit from him an intelligent statement of the facts as he seemed not to comprehend many of the questions. The weight to be given to his testimony when taken in connection with the other evidence in the case was for the trial court to determine.

·Plaintiff further contends that if the renewal note for $3,468 never became a valid obligation for the reason that Ida Kohler refused to execute it, the original notes for $2,000 and $1,200 remained in force and that the court erred in canceling them. They were canceled on the ground that defendant had been induced to execute them by false and fraudulent representations made by the De Walls. They had been procured by H. H. De Wall, who made the payment due from Kyes to Cliff and Purcell in March, 1920, out of the proceeds, and divided the remainder between Kyes, his father and himself as the profit which they had made on the sale to defendant. Although the De Walls were interested in the matter personally and were seeking to benefit themselves, yet they were the sole representatives of the bank in this transaction and under such circumstances their knowledge of the fraud was the knowledge of the bank. State Bank of Morton v. Adams, 142 Minn. 63, 170 N. W. 925, and cases there cited.

This is an action in replevin for possession of the property covered by the chattel mortgage and a question seems to be raised as to whether the court could determine in this action that these notes were invalid. They were given for the same alleged debt for which plaintiff claimed that the mortgage had been given. The answer set forth all the transactions relating to the contract in respect to this land and the making of these notes, and alleged that defendant had been induced to execute them by false and fraudulent representations. The reply also set forth the making of these notes and gave plaintiff's version of the transaction. The charge of fraud in procuring the execution of the contract and of these notes was the main issue litigated at the trial, and we think that the court was called upon to determine the validity or invalidity of the notes held or claimed by plaintiff.

The court, however, went further and purported to cancel the contract between defendant and Kyes, and also the note given to and held by Kyes. But Kyes is not a party to this action, and of course his rights cannot be adjudicated in this action. The judgment, so far as it relates to him, is therefore erroneous and without

binding force. But this fact does not affect plaintiff, nor so much of the judgment as relates to plaintiff.

Plaintiff assigns as error many of the rulings admitting or excluding evidence, but we find none which would justify a reversal.

Plaintiff also asked for a new trial on the ground of newly discovered evidence, but this claim is without substantial merit.

The judgment and order appealed from are both affirmed.