SOLWAY STATE BANK, BY A. J. VEIGEL, v. SCHOOL DISTRICT NO. 26, BELTRAMI COUNTY.[1]

February 28, 1930.

No. 27,630.

[1]Reported in 229 N. W. 568.

424

*Hubert M. Harvey,* for appellant.
*Alfred L. Thwing,* for respondent.

WILSON, C. J.

Plaintiff appealed from an adverse judgment entered after his motion for amended findings and conclusion of law had been denied.

The case has been here before. 170 Minn. 83, 212 N. W. 25. After the cause was remanded the answer was amended (as suggested in our former opinion) so as to present the new issue whether defendant was entitled to an equitable offset against the whole of plaintiff's claim.

■ A corporation is chargeable with knowledge of facts known to its officers transacting its business. There is an exception to this rule when the particular officer representing the bank is himself adversely interested. The exception is without application however where the interested officer is the sole representative of the corporation in the transaction. In such case his knowledge is the knowledge of the corporation. State Bank of Morton v. Adams, 142 Minn. 63, 170 N. W. 925; Central Met. Bank v. Chippewa County State Bank, 160 Minn. 129, 199 N. W. 901; 29 L.R.A.(N.S.) 562, note; Emerado Farmers Elev. Co. v. Farmers Bank, 20 N. D. 270, 127 N. W. 522, 29 L.R.A.(N.S.) 567; First Nat. Bank v. Burns, 88 Ohio St. 434, 103 N. E. 93, 49 L.R.A.(N.S.) 764; First Nat. Bank v. Blake, 60 F. 78; Lowndes v. City Nat. Bank, 82 Conn. 8, 72 A. 150, 22 L.R.A.(N.S.) 408.

As indicated in the previous opinion herein, Smith was the only bank official who gave any attention to the affairs of the bank. We need not discuss the evidence in detail. It is sufficient to say that Smith mixed defendant's funds which were in his hands in trust, he being its treasurer, with his own by depositing the same in his personal account. He thereafter checked out thousands of dollars and turned the same over to the bank to pay his debts to the bank. In turn he took defendant's warrants, which were carried in the bank's note pouch as assets, and exhibited them to the school of-

ficers as vouchers for his disbursements. There were many irregular transactions wherein he was the sole representative of the bank. Under the rule stated the bank must be held chargeable with his knowledge—he knew all.

■ The court found as a fact that when the bank closed Smith's account therein was overdrawn and an amount therein, rightfully belonging to defendant and exceeding the sum of all the orders involved, had been knowingly misappropriated by Smith and the bank to the payment of his checks and other items so drawn for his individual purposes. The finding is that the bank had full knowledge, that it acquiesced, connived and participated in the misappropriations and got the money. Such finding, which is supported by the evidence, spells liability. Rodgers v. Bankers Nat. Bank, 179 Minn. 197, 229 N. W. 90. It follows that plaintiff cannot recover. Defendant is entitled to an equitable offset of the amount of its funds, converted by Smith with the connivance of the bank, to wipe out plaintiff's claims.

Other questions presented by the briefs do not require consideration.

Affirmed.

[1]Reported in 229 N. W. 560.