FRED H. ORTH, SUBSTITUTED FOR C. F. FIMAN, DE-
CEASED, v. GUSTOLF ADOLPH HAGEDORN
AND ANOTHER.[1]

April 8, 1932.

No. 28,711.

[1]Reported in 242 N. W. 292.

*Canfield & Michael,* for appellant.
*M. W. Chunn,* for respondent.

OLSEN, J.

This is an appeal by plaintiff, as receiver of the First & Farmers National Bank in Luverne, from an order of the district court vacating and setting aside a deficiency judgment entered against the defendants after sale of mortgaged premises, and setting aside so much of the foreclosure judgment as imposed personal liability on the defendants.

In May, 1927, the defendants gave to the plaintiff bank, herein referred to as plaintiff, a note for $8,000 and a real estate mortgage to secure the same. On November 19, 1928, defendant Gustolf Adolph Hagedorn, herein referred to as defendant, was duly ad-

judged a bankrupt in the federal court. He properly listed the mortgage note mentioned as one of his liabilities in the bankruptcy proceeding. In February, 1929, plaintiff commenced suit in the state district court to foreclose the mortgage mentioned. The federal court granted permission to bring such suit. On October 1, 1929, judgment was rendered in the foreclosure suit and sale of the mortgaged premises directed. The findings and judgment so entered will be later considered. On January 13, 1930, defendant was discharged in bankruptcy in the federal court from all his listed debts subject to discharge under the bankruptcy law. The $8,000 mortgage debt, so far as his personal liability was concerned, was such a debt and was discharged.

On May 5, 1930, the mortgage foreclosure sale was had and the mortgaged premises sold or bid in by the plaintiff for a sum over $3,000 less than the amount due on the $8,000 note. Apparently on the same day, without any notice to defendant and without any order by the court, the clerk purported to enter a deficiency personal judgment against defendant for the sum of $3,507.62. Defendant learned of this deficiency judgment on June 18, 1930, and at once moved the court to vacate and set it aside as to him and to vacate and set aside so much of the judgment of October 1, 1929, as directed any recovery against him personally. The motion was granted, and this appeal followed.

■ The conclusions of law of the trial court, upon which the foreclosure judgment of October 1, 1929, was entered, were as follows:

"That the plaintiff have judgment against the defendants, Gustolf Adolph Hagedorn and Clara Hagedorn for the sum of Nine Thousand Five Hundred Thirty-five and 88/100 Dollars ($9,535.88) and One Hundred Dollars ($100) attorney's fees and Seven and 30/100 ($7.30) disbursements herein."

This was the full amount owing on the $8,000 note, with interest, attorney's fees, and disbursements. The conclusions of law then directed the sale of the land to satisfy said debt, and finally directed the defendants to pay to the plaintiff any deficiency on such sale.

The judgment entered by the clerk on October 1, 1929, is somewhat of a departure from the court's conclusions of law in that it does not directly adjudge that the plaintiff have judgment against the defendants for the $9,535.88 and attorney's fees and costs, as directed by the court, but adjudges that to be the amount due the plaintiff. The judgment then says:

"That in case the proceeds of such sale shall not be sufficient to satisfy said amounts the plaintiff recover of the defendants the deficiency."

Neither the conclusions of law nor the judgment expressly direct the entry of any deficiency judgment.

We come then to the decisive question in this case, whether the foreclosure judgment, entered some months before the defendant was discharged in bankruptcy, was a judgment imposing personal liability on defendant so that his discharge in bankruptcy discharged him from personal liability to plaintiff for the mortgage debt. That defendant had properly filed this mortgage debt as one of his debts in the bankruptcy proceeding and that his personal liability thereon was a debt properly dischargeable in the bankruptcy proceeding must be conceded. That this foreclosure judgment imposed personal liability upon defendant for any deficiency seems entirely clear.

The statute provides for only one judgment in a foreclosure action. G. S. 1923 (2 Mason, 1927) §§ 9636, 9642. It is a final judgment and determines all the issues and provides just what relief plaintiff is entitled to. Dodge v. Allis, 27 Minn. 376, 7 N. W. 732. While the statute in force at the time that case was decided provided for a final decree, after sale made, it was nevertheless held that the judgment directing the sale was the final judgment, and that on an appeal from the later final decree no alleged errors in the prior judgment could be reviewed. Since then the statute has been changed so that we now have no such final decree but only an order confirming the sale. Section 9642 then provides that upon confirmation of the sale the clerk shall enter satisfaction of the judgment to the extent of the sum bid, less expenses of sale, and for

the balance of *"such judgment"* execution may issue. The judgment here referred to is the judgment of foreclosure, not any so-called deficiency judgment entered by the clerk. The only effect of the statute providing that no execution shall issue on the judgment until after the sale is to defer the docketing of the judgment until that time and thereby prevent its being a lien on other real estate until the amount realized on the sale is applied. After the sale the clerk should docket the original foreclosure judgment, credit thereon the proceeds of the sale, and issue execution for the balance. He has no statutory authority to make or docket any new judgment.

The practice of entering a deficiency judgment after sale of mortgaged premises, where the foreclosure is by action, appears to have been generally followed in this state. It is a convenient method of making a record of the exact amount of the deficiency. It should not be held to be a new or effective judgment as against the defendant, when not ordered by the court after hearing and opportunity to defendant to show his discharge or other defense thereto.

As pertains to the bankruptcy law, the original judgment of foreclosure stands as a final judgment determining conclusively the liability of the judgment debtor, and all his personal liability thereunder is discharged by his subsequent discharge in bankruptcy, conceding, as here, that the indebtedness on the mortgage was properly listed by him in the bankruptcy court. Having listed the mortgage debt and been discharged therefrom by the bankruptcy court, the debtor stands released so far as any personal liability is concerned. The fact that the bankruptcy court granted permission to the mortgagee to foreclose is immaterial. The foreclosure judgment, entered before defendants' discharge, was the only effective judgment against him. The so-called deficiency judgment did not impose any new or additional liability.

Going one step farther: The general rule laid down by the federal courts and followed here is that a judgment entered against the debtor before his discharge in bankruptcy on a debt properly listed by him in the bankruptcy proceeding and subject to discharge

therein is discharged, but that a judgment entered on such a debt after his discharge in bankruptcy is not discharged thereby. Crocker v. Bergh, 118 Minn. 316, 136 N. W. 737, and cases there cited. But that rule is based on the holding that in cases where judgment is entered after the bankrupt has been discharged he has had his opportunity to plead his discharge in bar and has waived or lost his rights by not doing so. What opportunity did this defendant have to plead in bar? At the time the foreclosure action was pending and judgment therein entered, he had not been discharged and could not so plead. That suit was ended so far as any pleadings or trial were concerned. He could have asked the court as a favor to have the foreclosure judgment reopened and to be permitted to plead his discharge. It is difficult to see how such plea could raise any issue in the foreclosure suit. It would be no defense in that suit. The most that the court could do in such case would be to include in the foreclosure judgment a provision that no execution should issue for any deficiency. Such a provision might be of very doubtful propriety or efficiency. However that may be, defendant should not be foreclosed because he failed to ask for a favor from the court which the court in its discretion might have granted or denied. Neither is there any good reason why the court, on the application now made, had not as much power to grant relief as if the application had been made before the so-called deficiency judgment was entered. The so-called deficiency judgment is not one provided for by any statute. It is not a judgment on appeal from which any error in the foreclosure judgment could be reviewed. It is merely a clerical computation of the amount of the deficiency arising under the foreclosure judgment.

The case of Thompson v. Dale, 58 Minn. 365, 59 N. W. 1086, is cited as authority. It is sometimes hazardous to rely on statements in an opinion without stating the facts upon which the holding is based. In that case a mechanic's lien had been foreclosed and judgment entered directing the sale of the premises and application of the proceeds. But no sale had been made. The question for review was whether an execution could issue on the foreclosure

judgment before there had been any sale. The foreclosure of such liens is governed by the law for the foreclosure of mortgages by action, and it has always been the law here that no execution can issue on a foreclosure judgment until after the property has been sold and the proceeds applied on the judgment. Justice Mitchell well says in that case [58 Minn. 369]:

"The only authority for issuing a general execution is for the deficiency or balance after the application of the proceeds of sale to the debt."

That was the decisive point in the case. Justice Mitchell does speak of the practice of the court prior to 1866 of ordering, after the sale, a personal judgment for a definite sum, ascertained as being the actual deficiency, and does refer to such a judgment as a personal judgment. Such judgment was entered upon an order of the court for the definite amount of the deficiency. He also refers to the foreclosure judgment under our statute as an ordinary equity form, and states that the fact that it is called a judgment does not imply that it is a personal one. Our impression of the case is that it goes only to the extent of holding that no execution can issue in a foreclosure case until after the sale and the application of the proceeds. This statement in the opinion is of interest [58 Minn. 369]:

The foreclosure judgment "does not amount to a personal judgment, and *only comes to have the effect of one after certain things are done by virtue of subsequent provisions of the statute.*"

But, as already pointed out, there are no provisions of the statutes for any subsequent entry of any judgment. Hence the foreclosure judgment, not any new judgment, becomes effective as a docketed judgment after the sale and application of the proceeds thereof.

In Winne v. Lahart, 155 Minn. 307, 310, 193 N. W. 587, 589, 34 A. L. R. 844, the Thompson v. Dale case is cited on the following proposition: "that there must be a judgment in order that the amount of the mortgage debt may be determined, but it is not a personal judgment which may be docketed and become a lien *before*

*the mortgaged property has been sold* and the proceeds applied towards the satisfaction of the debt."

To that extent we readily approve Thompson v. Dale, 58 Minn. 365, 59 N. W. 1086.

The other case cited in the opinion as approving Thompson v. Dale is the case of Arendt & Wartman v. Vossen, 154 Minn. 368, 371, 191 N. W. 820, 821. The statement in the opinion in that case is as follows:

"The case of Thompson v. Dale, 58 Minn. 365, 59 N. W. 1086, is not in point. There the property did not sell for enough to discharge the lien and the money judgment remained an apparent lien against the judgment debtor's other property, and the court held such judgment was not valid as against such other property."

While this statement as to what was held in Thompson v. Dale may not be accurate, the citation cannot in any view be considered an approval of Thompson v. Dale.

We are unable to find in Thompson v. Dale or in any of the cases cited any sufficient authority for holding that a foreclosure judgment is not a final judgment which fully determines the mortgagor's liability and is released, as to the debtor's personal liability, by a subsequent discharge in bankruptcy when the debt has been properly listed in the bankruptcy court.

The case of Prentis v. Richardson's Estate, 118 Mich. 259, 76 N. W. 381, 383, is very similar to our present case on the facts. The Michigan court there held that a deficiency judgment, although in terms authorized by statute, was invalid, and the statute invalid because it provided for no notice of the application for such judgment to be given to the mortgagor. The court said that it was the duty of the plaintiff, before a personal decree could be taken against the defendant, to serve him personally with notice of the application for such decree. The court also considers the question of defendant's failure to appear and set up his discharge as a bar in the foreclosure action. The court said [118 Mich. 263]:

"He could not contest the amount due on the mortgage, for there' was no dispute about the amount. He could not question the lien upon the land, for the bankruptcy proceedings could not discharge the lien. He had no reason to suppose an attempt would be made to take a decree against him personally, for the statute, by its terms, did not authorize such a decree until after sale; and, as construed by the courts, the statute did not permit the taking of a personal decree without the filing of a petition, and notice to him personally."

What reason did the defendant in our present case have to suppose that the plaintiff would attempt to take a so-called deficiency judgment against him when we have no statute authorizing it?

The Michigan court further held [118 Mich. 263] that the discharge in bankruptcy, pending the foreclosure proceedings, prevented the subsequent rendition of a deficiency decree in that case.

The foreclosure judgment entered October 1, 1929, was the final judgment determining the defendant's entire liability in the matter. His subsequent discharge in bankruptcy discharged him from any personal liability on the mortgage debt, and the subsequent attempt to enter a deficiency judgment against him was neither authorized by our statute nor of any effect.

Order affirmed.

HILTON, J. (dissenting).

I dissent.