PEOPLES STATE BANK OF JORDAN, BY J. N. PEYTON, v. ALEX RUPPERT AND OTHERS.[1]

June 23, 1933.

No. 29,479.

[1]Reported in 249 N. W. 325.

*G. P. Smith,* for appellant.
*W. F. Odell,* for respondents.

*OLSEN, Justice.*

Plaintiff appeals from an order denying its motion for a new trial. We speak of the bank as plaintiff.

The action is one to foreclose a real estate mortgage given by defendants Alex Ruppert and Mollie Ruppert, husband and wife, to the plaintiff bank to secure a promissory note for $5,000, given by these two defendants for that amount of money borrowed from the bank, as hereinafter stated. The note and mortgage were dated March 15, 1919, and due three years after said date. The defense alleged was that the mortgage indebtedness to the bank had been paid. This question of payment and the amount thereof are the questions presented, with the additional claim that judgment should have been directed against the defendants personally.

At the time the mortgage was given, and thereafter up to the time of the trial, the defendants Alex Ruppert, George F. Sullivan, Phillip M. Schaefer, and Alois M. Schaefer were associated as partners, or in a joint enterprise, to buy and operate a farm in the vicinity of Jordan in this state. They adopted the name "APGA

Farm Company" as a firm name. The farm was purchased on or about March 15, 1919. Title thereto, presumably for convenience, was taken in the name of Alex Ruppert. The $5,000 was borrowed from the plaintiff and used to pay part of the purchase price of the farm, and the note and mortgage were given to plaintiff by Ruppert and wife to evidence and secure the loan. Ruppert and wife thereupon conveyed to each of the other three partners an undivided one-fourth of the farm. The farm was stocked and operated by the partnership for some years. In 1925 the farm was leased to others, and in December of that year the firm sold the personal property used by them in operating the farm and received therefor $3,405. From 1918 until the closing of the plaintiff bank in 1932, Alois M. Schaefer was the president and chief executive officer of the plaintiff bank and actively engaged in the operation thereof. The farm company opened and carried an account in the bank under the name of "APGA Farm Company, A. M. Schaefer, Treasurer," and Schaefer acted as treasurer of the company.

Among other facts, the court found that Alois M. Schaefer, as sole managing officer of the plaintiff bank, acted for the bank in all its dealings with APGA Farm Company; that when the $3,405 was received by the company in December, 1925, that sum was turned over to him with directions that the same be applied on the mortgage in question, then past due; that he deposited the same in the plaintiff bank but did not apply it on the mortgage; that thereafter, in February and April, 1926, he withdrew from the farm company's account $3,400 by two checks, payable to himself personally, and deposited said checks in the bank and credited same to his personal account, to cover overdrafts in his personal account and checks issued by him on his account; that his personal account appears to have been overdrawn in the latter part of January and at all times during March, April, and May, 1926, and the transfer of $3,400 from the farm company account to his personal account reduced such overdrafts but did not exceed them; that the three other partners in the farm company had no knowledge or notice of the failure to apply said $3,400 on the mortgage, or the transfer

thereof from the farm company account to Schaefer's personal account until about the time the bank closed. The court held that these defendants were entitled to credit on the mortgage for the $3,400 misappropriated. If the findings of the court are sustained by the evidence, the defendants were entitled to such credit, except as stated in subdivision 2 hereof.

■ It is urged for plaintiff that Alois M. Schaefer had authority to draw checks on the farm account and that in so drawing checks payable to himself on that account, he acted for the farm company in an adversary capacity as to the bank, and that the bank was not chargeable with notice of his lack of authority to withdraw the money or notice of his misappropriation thereof. It is conceded that Schaefer had authority to draw checks on the farm company account for debts incurred by the company, but, as he well knew, he had no authority to withdraw its funds for his personal use. Was the bank chargeable with notice of Schaefer's lack of authority and misappropriation of the farm company's funds? The rule is well stated in State Bank of Morton v. Adams, 142 Minn. 63, 170 N. W. 925, that where the officer (of the bank) who is interested is the sole representative of the bank in the transaction, his knowledge is chargeable to the bank. The rule has been applied in Farmers & M. State Bank v. Kohler, 159 Minn. 35, 198 N. W. 413; Central Met. Bank v. Chippewa County State Bank, 160 Minn. 129, 199 N. W. 901; Citizens State Bank v. Wade, 165 Minn. 396, 206 N. W. 728; Union Cent. L. Ins. Co. v. Star Ins. Co. 178 Minn. 526, 227 N. W. 850; Rodgers v. Bankers Nat. Bank, 179 Minn. 197, 229 N. W. 90; Solway State Bank v. School Dist. No. 26, 179 Minn. 423, 229 N. W. 568, and in other cases. The court's finding that Schaefer was the sole representative of the bank in its transactions with the farm company is sustained by the evidence.

That the bank profited by having Schaefer's overdrafts reduced is quite clearly shown by the evidence. The court made very complete findings of fact, which are fairly sustained by the evidence and need no further discussion, except as to the one matter now to be considered.

■ The court found that defendants were entitled to credit on the mortgage indebtedness for $800 as of February 27, 1926, and $2,600 as of April 22, 1926, and that there was due and owing on the note and mortgage the sum of $782.82 and no more, with interest from December 31, 1930, at 6½ per cent per annum. As conclusions of law the court adjudged that the amount due plaintiff was $782.82 with interest from December 31, 1930, at 6½ per cent per annum, and $75 attorney's fees as provided in the mortgage, and directed the sale of the mortgaged premises to satisfy said amounts and the expenses of sale and costs and disbursements of the action.

The undisputed evidence shows that Alois M. Schaefer paid into the bank and credited to the account of the farm company, on or shortly before August 12, 1931, the sum of $643.40, thereby repaying to the farm company that amount of the $3,400 which he had withdrawn from its account. The court in its decision failed to take this payment into account and refused, on the motion for a new trial, so to do. Schaefer had authority to deposit funds of the farm company in the bank. For more than ten years he had so done without objections by his partners in the farm company. When he so deposited this money in the bank the farm company became a creditor of the bank to that extent, and his misappropriation of the farm company's money and credit in the bank was reduced to that extent. We see no reason why the farm company should profit to the extent of such payment, and conclude that the $782.82 found owing on the mortgage should be increased by the sum of $643.40, and interest thereon from the date it was so paid. There is some indefinite evidence by Schaefer as to his depositing in the bank some money to pay insurance premiums for the farm company. The evidence is not sufficiently clear to require any finding that the farm company profited by such payment, if made. Some technical grounds are suggested in the defendants' brief why the court was not required to add this $643.40 to the amount for which plaintiff was entitled to foreclose the mortgage. The grounds suggested are not sufficient to deprive the bank of the right to have this sum included in the amount it was entitled to include in and recover by the foreclosure sale.

■ A number of other errors assigned may be briefly referred to. It is claimed that the court erred in failing to rule on evidence objected to in a number of cases and failed to rule on a motion to amend the reply; that it should have found that Alois M. Schaefer and Lucy Schaefer were husband and wife, and should have directed a personal judgment against the defendants. There is nothing of importance in these claimed errors on the decisive questions here presented and considered. As against Alois. M. Schaefer, the bank has its remedy by action for recovery of the loss sustained. It may, as against him, have had the right to foreclose the mortgage for the full amount. But under the pleading no such issue was presented and no such issue litigated by consent. As far as shown by the record, Schaefer did not interpose any answer. The court was not asked nor required to segregate his interest in the property mortgaged and have a separate sale as to him. There are other practical difficulties in the way.

■ Under our statutes, 2 Mason Minn. St. 1927, § 9636, the judgment in a foreclosure suit adjudges the amount due upon the mortgage, with costs and disbursements, and directs the sale of the mortgaged premises to satisfy said amount. It then directs the sheriff to make the sale. This is the only judgment provided for. It is the final judgment against the mortgagor, determining his entire liability under the mortgage, but it cannot be docketed as an unqualified personal judgment, or execution issued thereon until after the sale. If upon sale made and confirmed there remains a deficiency, the clerk of court then enters satisfaction of the judgment to the extent of the sum bid for the premises, less expenses of sale, and, for any balance, he may then docket the original judgment as a personal judgment for such balance and issue execution thereon. 2 Mason Minn. St. 1927, § 9642; Orth v. Hagedorn, 185 Minn. 582, 242 N. W. 292.

The trial court followed the statute, and plaintiff was not entitled to any other or different judgment.

The case is remanded to the district court with direction to amend its findings of fact and conclusions of law so as to add to

the sum of $782.82 and interest, as stated, found due and owing on the mortgage, the further sum of $643.40 and interest thereon at six per cent per annum from August 12, 1931, and to direct judgment adjudging the combined amounts so found due and owing to be the amount due the plaintiff under the mortgage.

Modified and remanded.