LOUISVILLE BANKING COMPANY v. JOHN D. BLAKE and Others.[1]

December 2, 1897.

Nos. 10,752—(162).

Foreclosure of Mortgage—Judgment upon Default—Modification of Judgment without Notice to Defendant—Personal Judgment.

The payee and mortgagee of a promissory note and collateral real-estate mortgage brought an action against the maker and mortgagor, alleging the execution of the note and mortgage and their nonpayment, and demanding judgment against the maker and mortgagor for the amount due and for a decree of foreclosure. On default of the defendant to appear or answer the court found, among other things, the execution of the note and mortgage, their nonpayment and the amount due thereon, and ordered judgment in favor of the plaintiff and against the defendant for that

1 Reported in 73 N. W. 155.

amount, and for a decree of foreclosure. Subsequently, but before a judgment had been entered, the plaintiff, upon a showing that the lien of his mortgage had in the meantime been extinguished by the foreclosure of a prior mortgage to a third party, obtained from the court (but without notice to the defendant) an order modifying its order for judgment so as merely to direct personal judgment against the defendant for the amount found due him, and judgment was entered accordingly. *Held*, that the personal judgment was within both the allegations of the complaint and the prayer for relief, and that no notice to the defendant of the application for a modification of the order for judgment was necessary.

**Same—No Estoppel to Apply for Modification.**

Also, that the plaintiff was not concluded by obtaining the original order for judgment from applying for its modification so as to allow him to take merely a personal judgment.

Appeal by plaintiff from an order of the district court for Hennepin county, Simpson, J., denying a motion for a new trial. Affirmed.

*Van Fossen & Frost*, for appellant.

*F. B. Hart*, for respondents.

MITCHELL, J.

The defendant J. D. Blake executed to Wilcox his note, and, as security for its payment, a mortgage on real estate which was subject to a prior mortgage to a third party. Blake having defaulted in the conditions of the note and mortgage, Wilcox brought an action to foreclose in the usual form, alleging in his complaint the execution of the note and mortgage, the amount due thereon, its nonpayment, and asking for judgment against Blake for the amount due and for a decree of foreclosure. It is conceded that the summons was duly served on Blake, but he never appeared in the action.

Upon the hearing the court found, among other things, the execution of the note and mortgage and the amount due thereon from Blake to Wilcox, as alleged in the complaint, and, as conclusions of law, found that the latter was entitled to judgment against the former for that amount and for a decree of foreclosure, and ordered judgment accordingly. No judgment having as yet been entered, subsequently, upon affidavit showing that the first mortgage had been foreclosed, the time of redemption had expired and no redemption had been made, and hence that a decree of foreclosure on

the second mortgage would be useless, Wilcox applied to the court to modify its order for judgment so as merely to order personal judgment against Blake for the amount found due from him to Wilcox. The court so ordered, and judgment was entered accordingly and docketed. No notice of this application was given to Blake, but he has never objected to the modification.

After all this had occurred the plaintiff obtained judgment against Blake, and then brought this action to have the Wilcox judgment set aside as being void, or at least irregular and erroneous and, consequently, an obstruction to the collection of plaintiff's judgment.

The grounds of attack on the judgment are, substantially: First, that a personal money judgment against Blake was not within either the allegations of the complaint or the prayer for relief, and hence could not be taken against a defendant who had not appeared in the action; and, second, that, Wilcox having elected to apply for and obtain an order for a decree of foreclosure, he had no right to re-elect to take merely a personal judgment; that he could, at most, only obtain a deficiency judgment, after going through the form of selling the mortgaged premises on a decree of foreclosure.

The questions discussed are: First, whether the judgment is either void or irregular and erroneous; and, second, if only the latter, whether the plaintiff is in position to attack it on that ground. It is unnecessary to discuss the second question, for the reason that we are very clear that the judgment is not only valid but in all respects regular. It is fully within both the allegations of the complaint and the prayer for relief, and hence notice to Blake of the application for a modification of the order for judgment was unnecessary.

Counsel is in error in claiming that the action was purely one to subject the land to sale on the mortgage, and that the allegations as to the amount due and the prayer for judgment against Blake for that amount have reference solely to an adjudication of that fact in order to determine the amount which the mortgagor will be entitled to retain out of the proceeds of the security. The allegations and the prayer for relief are in the usual form in such actions, and under them it has been held, time and time again, that a plain-

tiff will be entitled to personal judgment where he fails to establish the lien of his mortgage, or to a deficiency personal judgment in case the mortgaged premises do not sell for enough to pay the debt.

Neither is there anything in the point that the plaintiff had conclusively elected to take a decree of foreclosure, and was therefore compelled to go through the idle form of selling the mortgaged premises before taking a personal judgment. Had the lien of his mortgage been extinguished before he applied to the court for judgment there could have been no doubt of his right to elect to take merely a personal judgment, and there is no good reason why he might not elect to do the same thing where the lien of his security was extinguished afterwards. The action was still pending, and the court had a perfect right to modify its order for judgment.

The point is made, but not very seriously urged, that in no event could a personal judgment be rendered, because Wilcox held the note and mortgage in trust for the specific purpose of securing himself and Mrs. Blake, not merely for J. D. Blake's present indebtedness to them, but also for future advances by them to him. All that is necessary to say is that this point is clearly without merit.

Order affirmed.