## BAXTER SASH & DOOR COMPANY v. PETER ORNES and Others.[1]

July 2, 1915.

Nos. 19,230—(146).

**Mechanic's lien — priority of mortgage.**

1. Evidence *held* to sustain a finding that the principal contractor in a building contract agreed that a mortgage in contemplation of execution upon the property should be prior in lien to the mechanics' liens and that such liens would be discharged by such contractor.

**Same — construction of judgment.**

2. In the foreclosure of a mechanic's lien there can be no personal judgment with execution until after the foreclosure sale; and the judgment involved in this appeal is construed to intend a personal judgment and execution only after foreclosure sale.

**Same — personal judgment in lieu of lien.**

3. A defendant, holding a lien claim, after trial but before findings and

[1] Reported in 153 N. W. 594.

adjudication released his lien and elected to take personal judgment against the principal contractor with immediate execution, and judgment was entered accordingly. It affirmatively appearing that no legal prejudice can result to the debtor such judgment is sustained.

### Contractor's bond at expense of owner — cost not lienable.

4. The building contract provided for the construction at a fixed price, and further provided that if the owner wanted a surety bond the principal contractor would procure it and the owner would pay for it. The owner afterwards required such bond and the principal contractor procured and paid for it. It is *held* that the cost of the bond is not a lienable claim.

### Judgment — right of subrogation implied.

5. The mortgage, in addition to the land on which the building was constructed, included a quarter section which the owner had homesteaded. The court refused to so find; but in the judgment it was adjudged that in certain contingencies, and the only ones which could arise, the principal contractor, the appellant, should be subrogated to the mortgage. It is *held* that the judgment sufficiently adjudges the appellant's right of subrogation to all the land in the mortgage, including the quarter section.

Action in the district court for Roseau county to obtain judgment against defendant Bowe-Burke Co. for $1,114 and to foreclose a mechanic's lien for that amount. The case was tried before Watts, J., who made findings and ordered judgment in favor of plaintiff and of certain lien claimants. The motion of defendant Bowe-Burke Co. to amend the findings of fact and conclusions of law or for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant Bowe-Burke Co. appealed. Affirmed.

*John Jenswold,* for appellant.

*Van Derlip & Lum, J. B. Richards* and *J. H. Whitley,* for respondents.

DIBELL, C.

Action to foreclose a mechanic's lien on a hotel property in Warroad, Roseau county. A number of lien claimants answered, asserting liens, and the defendant Gregory Co., a mortgagee, answered, asserting the priority of its mortgage, and asking a foreclosure.

There was judgment determining the various lien claims and their priorities and the lien and priority of the mortgage. The defendant Bowe-Burke Co., the principal contractor, answered asserting its lien. The owner, Peter Ornes, did not appear. The Bowe-Burke Co. appeals.

1. The defendant Gregory Co. had a mortgage on the property for $9,000. This mortgage was on the face of the record subsequent to all the lien claims, it having been executed long after the commencement of the construction to help Ornes carry the building to completion. The Gregory Co. claim is that the Bowe-Burke Co. agreed that the mortgage should take precedence of all the liens and that it would discharge them all. This claim raises a seriously contested issue. The court found that such an agreement was made.

This mortgage was executed on March 4, 1914, and was for $12,- 000. It was not then delivered nor was the transaction then complete. It was all in negotiation. Ornes was falling behind and the banker at Warroad was trying to finance the deal by letting a first mortgage go to the Gregory Co., and taking a second one himself or getting it taken by others, thus getting Bowe-Burke paid and the liens discharged. Negotiations were protracted, the amount and terms of the mortgage were changed, security was added, and all was in confusion, a work of so great labor was it to frame this mortgage. A mass of correspondence tells in an indefinite way what was done. One time or another the deal was practically broken off. There was some talk of including the hotel furniture. The Bowe-Burke contract price was $25,370 and extras brought it up to $25,- 466.50, and there was due it, on the basis of a completed construction, $16,958. The mortgage was finally reduced from $12,000 to $9,000 by an arbitrary credit on the original mortgage, it being agreed that the amount of the loan should be $9,000. The insurance was arranged. The surety bond given by Bowe-Burke to Ornes was assigned to the Gregory Company. A farm which Ornes had homesteaded was put into the mortgage. The proceeds of the mortgage, amounting to $8,500, were paid to Bowe-Burke Co. about April 4, 1914. At that time it had received from Ornes in cash and by way of allowances $8,098, and when the $8,500 was paid

it had received $16,598, leaving $8,868.50 due, not including the cost of the surety bond hereinafter mentioned.

The evidence is indefinite and uncertain as to just what the status of the mortgage was to be. It is unreasonable to suppose that the Gregory Co. would take a second mortgage on this property with all the liens outstanding. The Bowe-Burke Co., when the work was complete, would have a first lien of some $17,000. But Ornes was behind and it was in trouble. The liens of the subcontractors had to be paid. There was some reason why it might find it advisable to get $8,500 in cash and let the mortgage take first place. The court has found that the understanding was that the Gregory mortgage was to be first and that Bowe-Burke agreed that it should take precedence of the lien claims and that it would discharge them. Its finding is sustained.

2. Counsel claims that a judgment in a mechanic's lien foreclosure cannot be entered in the first instance in favor of the lien claimants and against the principal contractor, nor until the sale of the premises subject to the lien. In this we agree with counsel. The principle is settled by Thompson v. Dale, 58 Minn. 365, 59 N. W. 1068. As we read the judgment entered it is not a judgment which can presently be docketed and personally enforced against Bowe-Burke Company. It is an adjudication of the amounts due and of the priorities with a determination of the relative rights of the parties. Upon the coming in of the report of sale there will be judgment and execution for such deficiencies as there may be. This we think is the fair construction of the judgment; and the construction we give is the law of the case and determines what the parties may do under the judgment entered.

3. The court adjudged liens to the amount of $4,292.10, exclusive of interest and costs, to be first liens, the sum of $3,470 hereafter mentioned being of equal priority but not adjudged to be a lien, the $9,000 Gregory Co. mortgage with interest and costs a second lien, and the balance remaining due to Bowe-Burke Company, $8,868.50, exclusive of interest and costs, a third lien. The so-called first liens were direct obligations of the Bowe-Burke Co., and if paid,

other than by Bowe-Burke Co. itself, the payment reduced by so much the Bowe-Burke lien; that is, the Bowe-Burke lien of $8,868.50 included all the first liens, and Bowe-Burke Co. was directly responsible for them. After the trial, but before the making of findings, some of the first lien claimants assigned their claims to Leon E. Lum, and he was substituted in their stead. Lum released his lien on claims amounting to $3,470, exclusive of interest, and personal judgment with a right to immediate execution was entered thereon against Bowe-Burke. It is claimed that this was error. There is no claim that these amounts were not due from Bowe-Burke. The Bowe-Burke Co. helped prove them at the trial. In no way that occurs to us can legal harm come from it. The Bowe-Burke Co. does not lose anything in the right of subrogation, for if it paid these claims it could not put itself ahead of the mortgage by subrogation, and, if it paid them and the mortgage, its lien would be a first lien along with those adjudged first liens to the extent that its adjudged lien exceeded the other adjudged and paid first liens.

4. The contract between Bowe-Burke Co. and Peter Ornes was the form of contract in general use by builders and architects and contained this provision in typewriting:

"In the event it is the desire of the owner to have a surety bond on this work, same will be furnished by the contractor and paid for by the owner."

Ornes afterwards decided that he wanted a surety bond and requested it from the Bowe-Burke Company. It was given and the Bowe-Burke Company paid $126.85 for it. It claims that it has a lien for the cost of the bond. We are of the opinion that the cost of the bond is not a lienable item. If it had been included in the general contract price it might be. It is recoverable from Ornes but it is not a lienable claim. It is not apparent that the respondents are much concerned in this point, but their position seems correct.

5. The mortgage includes a quarter section of land. The court denied the appellant's motion to so find. The judgment, however, gives the appellant a right to subrogation to this mortgage. If a contingency arises making the mortgage available to Bowe-Burke

by way of subrogation its right will extend to the quarter section. It is protected.

No statutory costs.

Order and judgment affirmed.