EDWARD F. BERKNER v. EDWARD EKMAN.
F. W. CARDIGAN, INTERVENER-APPELLANT.[1]

October 20, 1922.

No. 23,034.

Foreclosure of mortgage—no personal judgment against defendant not liable for debt.

1. In an action to foreclose a mortgage against real property the plaintiff is not entitled to a personal judgment against a defendant in the action who is not personally liable for the payment of the mortgage debt.

Parol evidence to prove relation to transaction admissible when writings are ambiguous.

2. Parol evidence is admissible to prove the relationship of persons to a particular transaction, where such relationship and the rights and liabilities thus created are left in doubt or not made clear by the written documents by which the relation was created.

Action in the district court for Beltrami county to recover $4,500, and interest, and to enforce a lien for the judgment to be entered upon certain real estate conveyed to plaintiff by defendant as security. F. W. Cardigan filed his complaint in intervention and alleged he was purchaser of the land without notice of plaintiff's claim to it. The case was tried before Stanton, J., who found the facts as given in the first paragraph of the opinion and ordered judgment in favor of plaintiff for $2,062.08 and for sale of the premises to satisfy the judgment. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

John M. Rees and A. D. Evans, for appellant.

O. M. Peabody, for respondent.

BROWN, C. J.

The facts in this case are not in material dispute. As disclosed by the findings of fact it appears that the Electric Bill Board Com-

[1]Reported in 190 N. W. 259.

pany is a corporation engaged in the business indicated by its name. The company was in need of funds to carry on its affairs and in February, 1917, the secretary, being duly authorized in the premises, solicited plaintiff to procure a loan for it in the sum of $4,500. Plaintiff was an officer and director of the State Bank of Sleepy Eye and through his efforts and at his instance the bank made the loan, upon the condition that plaintiff become responsible for the payment of the same when due. A promissory note for the amount stated was executed by the corporation, signed by its secretary and president, payable to the Sleepy Eye bank, and indorsed by plaintiff. Thereupon the funds were paid over to the corporation. As a part of the transaction and to indemnify plaintiff and save him harmless on account of his indorsement of the note, defendant Ekman executed in due form two quitclaim deeds of lands owned by him in Beltrami county, thereby conveying the lands to plaintiff as security for his protection. The fact that the deeds were executed as security was recited in each, the mortgage tax was duly paid and the deeds recorded. At the same time, also as a part of the transaction, the corporation executed and delivered to plaintiff as further security a chattel mortgage upon certain of its personal property and effects, which was duly filed as required by law. The note was not paid by defendant or the corporation and plaintiff was compelled to pay the same by reason of his indorsement thereof. He subsequently foreclosed the chattel mortgage and the proceeds, less expense of the foreclosure proceedings, were applied on the note, leaving a balance due and unpaid of the sum of $2,062.08. Plaintiff also paid delinquent taxes against the land conveyed to him as security by the quitclaim deeds, in the aggregate sum of $409.18. Thereafter defendant conveyed the land to intervener, and the deeds of conveyance were duly recorded.

This action was brought to subject the land to the payment of the balance due on the secured debt, together with the taxes paid by plaintiff, as in foreclosure. Intervener appeared in the action asserting rights in the land under the conveyance to him. After due trial the court found the facts substantially as here stated, and further that intervener at the time the land was conveyed to him

had notice and knowledge of the prior rights of plaintiff. Judgment of foreclosure was ordered in plaintiff's favor, which was duly entered, and defendant and intervener appealed.

1. The numerous assignments of error may all be disposed of together and without extended treatment. The situation created by the transaction stated was one of suretyship, the bill board company being the debtor and plaintiff the surety. To secure plaintiff against liability for the payment of the note to the bank the bill board company mortgaged to him its property and effects, and as further indemnity, and to induce plaintiff to enter into the transaction, defendant conveyed the land to him, stating in the deeds the purpose thereof, namely, as security for the payment of the debt to the bank. The contention of defendant that the court below erred in admitting parol evidence to establish the facts and the relation of the parties to the transaction, is not sound. Tiedt v. Johnson, 151 Minn. 288, 186 N. W. 779, and authorities cited in the opinions there rendered. If the relationship created by the transaction and the rights and liabilities of the parties thereby created do not sufficiently appear from the documents standing alone, then an ambiguity appears in explanation of which parol evidence was admissible. Instead of being contradictory of the writings, the evidence removed all uncertainty as to the real transaction, and was competent for that purpose. 1 Dunnell, Minn. Dig. § 3400. The statute of frauds is not involved. Plaintiff paid the note to the bank, and is entitled to enforce the security given him by the deeds in reimbursement for the loss thus incurred. The failure of the bill board company to pay the debt created the right of foreclosure without demand for reimbursement. And, without further comment, we hold that plaintiff's right of action is clear.

2. The findings of the trial court that the intervener had notice of the rights of plaintiff at the time the land was conveyed to him dispose of his asserted rights. The findings are fully supported by the record.

3. The further contention that the judgment awards personal liability against defendant seems well taken. The judgment as entered by the clerk expressly declares that

"Plaintiff is entitled to judgment against the defendant Edward Ekman, in the sum of $2144.97, according to the following items to-wit:

| | |
|---|---|
| Order | $2062.08 |
| Interest on same | $57.74 |
| Costs | $25.15 |
| | $2144.97" |

That constitutes a personal judgment against the defendant. Thompson v. Dale, 58 Minn. 365, 59 N. W. 1086. Neither the findings of the trial court nor the record discloses any personal obligation on his part to pay the debt. He simply hypothecated his land as security for its payment, assuming no personal obligation in the premises. No personal recovery can therefore be had against him. The judgment, under the findings, should have determined the "amount due on the debt," directing a sale of the property in satisfaction thereof, as in ordinary foreclosure actions. G. S. 1913, § 8154; Thompson v. Dale, supra. In this respect the judgment must be modified.

4. All other points and assignments of error have been fully considered with the result that no other error appears. It is therefore ordered that the judgment appealed from be modified by eliminating therefrom the personal recovery against defendant, and as so modified it will be and is in all things affirmed.