ARENDT & WARTMAN, ETC. v. ARNOLD VOSSEN AND OTHERS.[1]

January 26, 1923.

No. 23,354.

Court authorized to confirm sale on foreclosure of mechanics' liens—docketing of money judgment irregular.

1. Where a court has jurisdiction of the subject matter and the parties, and orders a proper judgment in a lien foreclosure proceeding, and judgment was entered thereon, and the parties in whose favor such judgment was entered erroneously cause a money judgment to be docketed against the defendant, and the judgment of foreclosure was fully satisfied by a sale of property covered by the lien, it was not error for the court to issue an order confirming the sale.

Not error to refuse to vacate stipulation for confirmation of sale.

2. Under such circumstances, there was no error in a refusal by the trial court to vacate a stipulation entered into by counsel for the

[1] Reported in 191 N. W. 820.

respective parties requesting a confirmation of the sale, or to declare the proceeding void because of irregularity in docketing the money judgment against defendant.

Action in the district court for Meeker county to foreclose a mechanic's lien. The case was tried before Qvale, J., who made findings and ordered judgment as stated in the second paragraph of the opinion. From an order denying his motion to set aside the money judgment and the execution sale and order confirming the sale and "withdrawing" the name of E. P. Peterson from a certain stipulation signed by him as attorney, defendant Vossen appealed. Affirmed.

*Alva R. Hunt,* for appellant.

*L. K. Sexton,* for Arendt & Wartman; *N. D. & C. H. March,* for Matt Turner.

*Ernest W. Campbell,* for Henry Donnay.

*J. D. Sullivan,* for respondents.

QUINN, J.

John M. Abbott owned a farm of 120 acres in section 28, township 121, range 30, in Meeker county, upon which E. W. Huggett held a mortgage of $3,000. Defendant Vossen purchased the farm subject to the mortgage, taking a contract for a deed, and went into possession. In 1920 he built a large barn and other farm structures on the forty upon which the dwelling was located, being the northwest quarter of the southwest quarter of the section. When the building was finished he was indebted to divers parties for material which went into the buildings, as follows: Arendt & Wartman, $2,512.94; Henry Donnay, $401.05; Matt Turner, $518.40; for which liens were filed and foreclosed.

In the foreclosure the parties all appeared by their respective attorneys. Proofs were offered and the court made and filed findings to the effect that each of the claimants was entitled to a lien, to the amount of his respective claim with costs and disbursements, upon the interest of Vossen in the forty acres upon which the improvements were placed, subordinate, however, to the mortgage and

the interest of Abbott, and judgment was ordered accordingly. The judgment entered upon the order of the court directed a sale of Vossen's interest in the forty to satisfy claimants' liens, and a transcript thereof was issued and delivered to the sheriff of Meeker county. A money judgment was docketed against Vossen for the amount of the liens and an execution issued and also delivered to the sheriff of Meeker county, to which the transcript mentioned was attached. The sheriff proceeded and sold the premises pursuant to the order of the court and judgment entered thereon. The proceedings leading up to the sale were regular. The sheriff made return reciting the sale of Vossen's interest in the forty to the claimants jointly for the amount of their liens, with costs and disbursements.

Subsequently an application for a confirmation of the sale was made by respondents' attorneys and after some delay a stipulation was entered into by the attorneys of record for the respective parties requesting such confirmation, and on September 19, 1921, an order confirming the sale was signed and forwarded to the clerk of court in Meeker county, for filing. The clerk received the order and placed it with the other files in his office, but did not place any filing thereon. Vossen remained in possession of the premises until the period of redemption had nearly expired, when, through his present attorney, he asked for a vacation of the stipulation made by the attorneys and the setting aside of the entire proceeding, which motion was opposed by respondents, through their present counsel. From an order denying his motion this appeal was taken.

The contention of appellant is that the whole proceeding is void because of the entry of the money judgment and because his attorney had no authority to make or sign the stipulation, while it is contended on behalf of respondents that though the entry of the money judgment was irregular, the same was cured by the stipulation and by the fact that the sale as made fully satisfied the lien and judgment of foreclosure, and consequently did not affect the validity of the sale.

It is clear that the court, as well as the parties litigant, acted upon the stipulation. The court had jurisdiction of the parties and the subject matter. Its order for judgment of foreclosure was

regular, as was the judgment entered thereon. True the docketing of the money judgment, and the issuing of an execution thereon were irregular, but these irregularities did not render the sale of Vossen's interest in the forty covered by the lien void. Ordean v. Grannis, 118 Minn. 117, 136 N. W. 575, 1026, L. R. A. 1915B, 1149. The sale satisfied the judgment in full and appellant's other property remained unaffected by the docketing of the money judgment.

The case of Thompson v. Dale, 58 Minn. 365, 59 N. W. 1086, is not in point. There the property did not sell for enough to discharge the lien and the money judgment remained an apparent lien against the judgment debtor's other property, and the court held that such judgment was not valid as against such other property. In the instant case we are unable to see any ground upon which the trial court could have refused to confirm the sale, even in the absence of the stipulation. The action was for the foreclosure and enforcement of the liens. The order of the court was regular in this regard and the sale accomplished the very purpose sought and satisfied respondents' claims, which terminated the litigation, and appellant had had his year in which to redeem if he chose so to do.

Affirmed.