## LOUIS J. KINZEL v. COLIN C. JOSLYN AND OTHERS.[1]

February 8, 1924.

No. 23,779.

**Taking personal judgment against owner of building does not prevent enforcement of mechanic's lien.**

1. The mere fact that a mechanic took a personal judgment against the owner of a building upon which he had performed labor is insufficient to establish his waiver of a lien upon the property.

[1]Reported in 197 N. W. 217.

**Decision supported by evidence.**

2. Record and the evidence examined and *held* to amply support the findings made by the trial court, upon which the judgment appealed from was based.

Actions in the district court for Hennepin county to foreclose mechanics' liens. The cases were tried before Baldwin, J., who made findings and conclusions as set out in the first paragraph of the opinion. From the judgment entered pursuant to the order for judgment, defendants Joslyn and Babler appealed. Affirmed.

*C. C. Joslyn,* for appellants.

*William E. MacGregor,* pro se.

QUINN, J.

Two actions were commenced to enforce liens for labor and material which went into the repair and improvement of a large house, situated upon the property described in the pleadings, and commonly known as No. 2429 First Avenue South, in the city of Minneapolis. There was a number of answers interposed setting forth other liens. The claims were tried together as one action. Findings of fact and conclusions of law were filed in favor of nearly all of the lien claimants, only two of which need be considered upon this appeal—one lien of $48.47 in favor of John Scullion, and one in favor of William E. MacGregor for $1,110.12, including interest, costs, disbursements and attorneys' fees allowed against the interest of the appellants. This appeal is from the judgment entered in favor of the two claimants mentioned.

Appellant Joslyn bought the premises, subject to two mortgages, aggregating $4,350. Thereafter, during the summer of 1917, he gave the appellant Babler a contract for a deed, by the terms of which Babler assumed the mortgages, and agreed to pay Joslyn $650 in monthly instalments of $50. Babler made payments on the contract until March, 1918, when there remained unpaid thereon the sum of $350. No further payments were made up to the time of the trial of this cause. Joslyn testified that he had not forced Babler to make payments on the contract since March, 1918, because he was making improvements on the property.

C. F. Huber had been a contractor and builder. In the summer of 1920 he had on hand a quantity of building material of various kinds at his place, No. 5640 First Avenue South, which appellants had observed when passing by. Joslyn waited in his auto in the street, while Babler had talked with Mrs. Huber about buying the lumber to remodel his house. On October 6, 1920, three truck loads of the material were hauled to No. 2429, and a portion placed inside the house. The dimension lumber was piled outside in plain view from the street where Joslyn would pass in going to that locality. The improvements consisted in remodeling the old house so that, when done, it had nine or ten apartments, with bathrooms and kichenettes. The work was continuous from October, 1920, to May, 1921. Huber had been absent from the city, but on December 11, 1920, he began working for Babler on the house. His labor amounted to $233.75. Hardware, paints and oils which he furnished amounted to $150.40 and the lumber and like material to $767.09, according to Huber's testimony.

In April, 1921, Huber filed a lien statement in due form claiming $1,151.24, less credits amounting to $208.92. Subsequently Huber assigned the lien claim to the respondent, MacGregor, who filed an answer to which was attached a statement in detail of the items and credits going to make up such lien claim, and asking for a personal judgment against Rudolph Babler for the sum of $942.32, with interest from January 29, 1921, and asking that the same be adjudged a claim against the premises, and also that the validity and amount of the mortgages be determined, as well as the lien claims of all other claimants, and adjudging and directing the sale of the premises.

The defendant Joslyn answered, admitting that he was and is the record owner in fee of the premises; that Babler holds a contract for a deed to said premises from him; that Babler was in possession of the premises under such contract and not otherwise; that if the work and material mentioned in the complaint were furnished at all, it was without his knowledge or consent; that as soon as he learned that any improvements were being made upon said premises, and within 5 days thereafter, he caused due notice to be served

upon all parties of whom he could learn, who were furnishing labor or material for the same; that such improvements were being made without his instance, knowledge or consent; that the two mortgages are prior liens to the claims for labor and material; and that the action be accordingly dismissed.

It does not seem to be seriously questioned but that Huber furnished the labor and material, substantially as set forth in his lien statement assigned to MacGregor, nor that a large portion of it, at least, went into the improvement in question. Mrs. Huber testified that she checked each item as it went on the loads, and Babler did not deny receiving them. For many years Joslyn and Babler had been associated in one way or another. Joslyn had acted as Babler's adviser and attorney in a number of matters. He had represented Babler in lien matters involving this same property, before the present actions were started.

The trial court made full findings and conclusions, with reference to the several lien claims involved in the suits. It found that the improvement was made by Babler with the full knowledge and consent of Joslyn; that between October 6, 1920, and January 29, 1921, Huber furnished material and performed labor upon the premises in question, of the reasonable value of $1,152.24, no part of which has ever been paid except the sum of $208.92, as set forth in the bill of particulars attached to the answer of MacGregor, and except a further item of $39.85, which should be credited thereon, leaving balance owing, on January 29, 1921, of $902.47; and that a lien statement in due form was duly filed with the register of deeds therefor on April 22, 1921.

The cause was apparently tried with considerable zeal upon both sides. Much time was spent in going into the details. The trial court gave the matters careful consideration. There was, upon certain phases of the matters involved, a sharp conflict in the testimony. The most salient features at the trial were whether the owner of the fee had notice or knowledge of the improvement of the property at the time it was being made, the value of the material furnished by Huber, and whether the same had been settled for by Babler. While the testimony as to these matters was conflict-

ing, we are of the opinion that the proofs, when considered as a whole, were clearly ample to make a case of facts for the trial court to determine. No particular good would be derived from a detailed discussion of the evidence.

It appears from the testimony of the respondent Scullion that he recovered a judgment for $29 in the conciliation court of Minneapolis, covering the identical labor for which he now seeks to establish a lien against the property in question. Appellants contend and urge that such judgment is a waiver and bar to Scullion's right to a lien herein, and for this reason it was error in the trial court not to dismiss that cause of action. We do not concur in this contention. A personal action to recover the amount of the debt and a proceeding to enforce the lien may be maintained simultaneously and the lien is not waived by personal action on the claim and recovery of judgment therein. Angier v. Bay State Distilling Co. 178 Mass. 163, 59 N. E. 630; Spence v. Etter, 8 Ark. 69; Gambling v. Haight, 59 N. Y. 354; Germania Building & Loan Assn. v. Wagner, 61 Cal. 349; Marean v. Stanley, 5 Colo. App. 335, 38 Pac. 395; Kirkwood v. Hoxie, 95 Mich. 62, 54 N. W. 720, 35 Am. St. 549.

A personal judgment was entered in the instant case against the appellant Joslyn. Such a judgment was not asked for in the answer of the respondent MacGregor, nor was it authorized by the order of the court. No application was made to the trial court for the correction of such irregularity and consequently will not be considered by this court upon this appeal. We are satisfied that the findings of fact made by the trial court upon which the judgment is based are amply sustained by the evidence, and should be sustained without prejudice to appellant's right to have the irregularity corrected.

Affirmed.