## JOSEPH A. SMUDE AND ANOTHER v. T. S. AMIDON AND OTHERS.[1]

February 5, 1943.

No. 33,324.

[1]Reported in 7 N. W. (2d) 776.

*Edmund T. Montgomery,* for appellant.

*Swanson, Swanson & Swanson* and *Amherst Tautges,* for respondents.

THOMAS GALLAGHER, JUSTICE.

In an action to foreclose a mechanic's lien, plaintiffs obtained a judgment against defendants which was entered July 27, 1936. By the terms of the judgment, which followed the court's conclusions of law, it was adjudged:

"* * * that the plaintiffs recover of defendants, T. S. Amidon, also known as Thomson S. Amidon, Jr., and Otto K. Burger, the sum of two hundred sixteen and 47/100 dollars ($216.47) with interest thereon from November 12, 1934, at the rate of six per cent per annum in the amount of $22.19, together with their attorney's fees and disbursements in the sum of $94.95, * * *.

"* * * that each of said amounts, including said attorney's fees and disbursements, is a lien upon the rights and leasehold interests of said Amidon and Burger in and on Lot eight (8) of 'Birch View Beach' and that said rights and interests of said

Amidon and Burger in and on said lot eight (8) be sold by the sheriff of said county for the satisfaction of said liens in the manner provided by law for the sale of real estate on execution, and the proceeds of such sale, after deducting all lawful charges and expenses, paid over pro rata to the holders of said liens to the amounts thereof, with interest then accrued thereon, and the excess, if any to the parties entitled thereto, and that the sheriff make report thereof to this court. Such sale, after confirmation thereof, to be not subject to redemption.

"It is further adjudged herein that plaintiffs and the defendant lien claimants are entitled to no other or further relief herein."

The interest of defendants Amidon and Burger in said premises was that of lessees under a lease in which the vendees in a contract for deed covering the premises were the lessors. The vendees were not parties to the action, and no lien was impressed on their interest in the premises nor on that of the feeholder. At the time of the entry of judgment, the contract for deed was substantially in default but had not yet been cancelled. Because of this default and because the conditions of the contract were to be performed within two years, Minn. St. 1941, § 514.15 (Mason St. 1927, § 8504), the court eliminated the right of redemption after sale.

The failure to impress a lien upon the feeholder's interest and the substantial default of the vendees in the contract for deed made it apparent to plaintiffs, after the entry of judgment, that their lien rights against defendants' leasehold interest in the premises were practically worthless, and no steps were taken for a sale of such interest to satisfy the judgment or any part thereof.

Nothing whatever was done with the judgment until May 1942, when plaintiffs moved the court for an order directing that personal judgment be entered against defendant Amidon for the amount specified in the prior judgment, including costs and attorney's fees. The motion was based on the ground that the mechanic's lien proceedings and order for sale of the premises at all times had been "an ineffective remedy" and that plaintiffs had "duly waived and abandoned" their rights with respect to the lien.

On May 21, 1942, the court granted plaintiffs' motion for personal judgment against Amidon in the original amount found due, less the attorney's fees previously allowed in the lien action. From that order, defendant Amidon takes this appeal, claiming that the order constituted a modification of the prior judgment, and, the time to appeal therefrom having elapsed, that the court was without power or jurisdiction so to modify such judgment.

■ While the language of the original findings and conclusions of law is sufficient, in the opinion of the court, to authorize a personal judgment against defendant Amidon (Berkner v. Ekman, 153 Minn. 277, 190 N. W. 259), nevertheless the law is well settled that in actions for the foreclosure of mechanics' liens and mortgages, ordinarily no personal judgment may be entered against any defendant until the lien rights covered by the judgment have first been exhausted by sale of the premises and application of the proceeds thereof on the judgment. Thompson v. Dale, 58 Minn. 365, 59 N. W. 1086; Orth v. Hagedorn, 185 Minn. 582, 242 N. W. 292.

■ It is also well established that the original judgment need make no provision for the entry of a deficiency judgment in order later to permit or authorize the entry of personal judgment against defendants found personally liable for the balance due on such judgment after the proceeds of the foreclosure sale have been applied thereon. *Id.* §§ 514.15, 581.09 (§§ 8504, 9642) ; Thompson v. Dale, *supra;* Arendt & Wartman v. Vossen, 154 Minn. 368, 191 N. W. 820.

■ It is further settled that plaintiffs, before finally submitting their cause to the court in the foreclosure action, might have waived their lien rights therein and limited their recovery to personal judgment against the defendant here who was found personally liable for the amount involved. Louisville Banking Co. v. Blake, 70 Minn. 252, 73 N. W. 155; Baxter S. & D. Co. v. Ornes, 130 Minn. 214, 153 N. W. 594.

■ The problem here presented is whether plaintiffs likewise could waive their lien rights after the entry of judgment and after

the time to appeal therefrom had expired and seek entry of personal judgment against the defendants personally liable without foreclosure sale. In ordinary actions, after the time for appeal expires, it is well settled that the court cannot modify a judgment except for clerical error or misprision, or except as prescribed in *Id.* § 544.32 (§ 9283); Connelly v. Carnegie Dock & Fuel Co. 148 Minn. 333, 181 N. W. 857; In re Estate of Simon, 187 Minn. 399, 246 N. W. 31.

However, the language of the statutes here involved, *Id.* §§ 514.10 to 514.15 (§§ 8499 to 8504) and §§ 581.08, 581.09 (§§ 9641, 9642), relating to actions for the foreclosure of mechanics' liens and mortgages, indicates a distinction with reference to the court's jurisdiction and power in such actions as contrasted with other civil actions. Such statutory provisions obviously extend the jurisdiction of the court after the entry of the original judgment and after the expiration of the time for appeal therefrom, for the purpose of regulating the sale of the premises under the judgment, including the ordering of a resale if justice requires, the receiving of a report of such sale, and the granting of an order or decree confirming the same. Since the court retains such jurisdiction and power under the statutes, it follows by implication that after the entry of judgment and after the expiration of the time to appeal therefrom, the court, in its discretion, likewise may consider and determine the feasibility of authorizing the lien claimants to waive entirely their lien rights and in connection therewith to dispense with the foreclosure sale and permit the entry of judgment against the defendants found personally liable. In making such determination, the court, of course, must decide, as it did here, that such action will create no additional burden for the defendant personally liable, by ascertaining that the lien rights in question are actually worthless. Hence, it is our opinion that the trial court did not exceed its power or act without jurisdiction in making the order here in question.

■ The contention is made that the court erred in ordering the entry of personal judgment against Amidon without also ordering

judgment to be entered against his partner, Burger, who had likewise been found personally liable. Since the language of the judgment clearly indicates a finding that Amidon and Burger were jointly and severally liable for the debt, it was optional with plaintiffs to enter judgment against one or both of the defendants. If Amidon is required to pay more than his proportionate share of the judgment, well established principles of contribution will enable him to recover from Burger the latter's pro rata share of such payments. 2 Dunnell, Dig. & Supp. § 1920.

◼ Amidon contends that the language of the judgment to the effect that "plaintiffs and the defendant lien claimants are entitled to no other or further relief herein" eliminated the power of the court to order a deficiency or subsequent personal judgment. The trial court in its memorandum attached to the order has this to say with reference thereto:

"In the present case, the conclusions of law and order for judgment directed that plaintiffs have judgment against defendants, Amidon and Burger * * * and directed a sale and proceedings, substantially in the language of Sec. 9636. It does not seem that these defendants could rightly construe these provisions, and the judgment entered pursuant to them, as relieving them from personal liability in case of a deficiency after the sale.

"The language in the conclusions to the effect that plaintiffs are entitled to no other relief was not intended nor, I think, reasonably interpreted, to destroy any right to recover for a deficiency—especially in the light of the doubtful value of the leasehold interest on which a lien was adjudged. The plaintiffs had sought a lien upon the interests of all the defendants, and other relief, which was denied."

Such is the interpretation this court places upon this language, and hence it cannot be construed as a bar to the further relief sought by plaintiffs herein.

Affirmed.