LARSON BROS. TILING v. CLYDE MELTON AND OTHERS.

235 N. W. 2d 844.

November 28, 1975—No. 45424.

Larson, Bryngelson, Ahl, Greensweig, Halberg & Nord and Robert W. Ahl, for appellants.

Mark C. Stewart and John M. Tollefson, for respondent.

Per Curiam.

Defendants Clyde and Elizabeth Melton appeal from a judgment awarding plaintiff $1,589.10 and foreclosing mechanics liens.[1] On appeal defendants challenge the sufficiency of the evidence supporting the following findings of the district court: That the liens which arose in connection with the construction of a drainage system on defendants' farm were filed within 90 days of the performance of the last item of labor on the system;[2] that the construction "constituted some improvement" to defendants' premises; that the reasonable value of plaintiff's services was $1,490; and that plaintiff was entitled to recover from defendants despite the court's finding that the final design represented a major deviation from the project as originally proposed and that such devia-

---

[1] The other named defendants, Carl Huth, the Meltons' tenant, and Farmers & Mechanics Savings Bank of Minneapolis, did not appeal.

[2] Minn. St. 1971, § 514.08, provided in part as follows: "The lien shall cease at the end of 90 days after doing the last of such work, or furnishing the last item of such skill, material, or machinery, unless within such period a statement of the claim therefor, be filed for record with the register of deeds of the county in which the improved premises are situated, or, if the claim be made under section 514.04, with the secretary of state."

tion was made without the knowledge or consent of defendants. We hold the evidence sufficient and affirm the judgment.

During the time the system was being constructed, plaintiff was a partnership engaged in the design and construction of open and tile drains and dikes. The principal defendants, Clyde and Elizabeth Melton, are the owners of a farm in Lac Qui Parle County. During the winter of 1970-1971, defendants and some adjacent landowners contracted with plaintiff for the design and construction of a drainage system of ditch and tile. A proposed design and cost estimate was presented by plaintiff and accepted by the landowners. Construction was begun in June or July and, although disputed, was completed in late August or early September 1971. The mechanics liens were filed on November 24, 1971.

The district court found that the filing of the mechanics liens was timely. Although the evidence on this issue is conflicting, there is evidence to support the district court's explicit finding that each lien was filed within the statutory 90-day period, thus precluding, under well-established rules, reversal on appeal. In re Estate of Balafas, 293 Minn. 94, 198 N. W. 2d 260 (1972).

Defendants argue that the ditch designed and constructed by plaintiff not only "[did] not provide for an adequate outlet," as found by the trial court, but wholly failed to improve the drainage of defendants' farm and in fact, by reason thereof and because of unremoved spoil banks and felled trees, resulted in detriment and damage to their farm. However, plaintiff's testimonial explanation of the reasons for the deficiency of the outlet and the waste and damage asserted by defendants to have resulted to their farm when plaintiff ceased work upon defendants' refusal to pay was sufficient to persuade the court to find that plaintiff's construction of the ditch did constitute "some improvement" to part of the premises, and accordingly the reasonable value of the labor and services that were performed by plaintiff was assessed by the court. Since these findings have evidentiary support and are not clearly erroneous, they must be upheld. Rule 52.01, Rules of Civil Procedure.

Finally, defendants argue that the changes in the location and extent of the system from that described in the proposal without their consent constitutes a material deviation from the terms of their agreement and thereby bars plaintiff's recovery. They rely principally upon Yli-jarvi v. Brockphaler, 213 Minn. 385, 7 N. W. 2d 314 (1942). Although the district court did not specifically so state, it is implicit in its decision and apparent from the evidence that the parties did not agree to the details and specifications of the drainage project. The evidence sup-

ports the view that the agreement was such as to allow plaintiff wide discretion in the final design of the project and to imply defendants' consent to reasonable modifications. See, Karl Krahl Excavating Co. v. Goldman, 296 Minn. 324, 208 N. W. 2d 719 (1973). Thus, Ylijarvi is inapplicable.

Affirmed.