**KORSUNSKY KRANK ERICKSON ARCHITECTS, INC., Respondent,**

v.

**Harold E. WALSH, et al., Appellants.**

No. C5-84-1217.

Court of Appeals of Minnesota.

Nov. 6, 1984.

Charles D. Reite, Minneapolis, for respondent.

Carl A. Swenson, St. Paul, for appellants.

Heard, considered and decided by POPO-VICH, P.J., and SEDGWICK and LESLIE, JJ.

## OPINION

SEDGWICK, Judge.

Landowners appeal from a judgment awarding architects a mechanics' lien for services rendered. We reverse.

## FACTS

The Walshes are property owners in Shoreview, Ramsey County, Minnesota. R.C.E. Corporation (R.C.E.), a commercial developer, had various options and purchase agreements for the purchase of that property. In 1979 and 1980 R.C.E. contracted with architects Korsunsky Krank Erickson, Inc. (Korsunsky) for services in connection with the development of a shopping center, restaurant and bank on the real estate. The Walshes were not a party to this contract.

At the request of R.C.E., Korsunsky performed services for approval of a zoning change, approval of a preliminary plat and approval of site plans from Shoreview. The Walshes were aware of the services being rendered for respondent. The city council approved the site plan and preliminary plat for the shopping center, deferred action on the restaurant site, and denied approval of the bank site. Thereafter, R.C.E. told Korsunsky to stop work on the project. No physical work had been done.

Within the one-year statutory period, Korsunsky began a lawsuit to foreclose its mechanics' lien. Pursuant to statute, it gave notice to all property owners.

## ISSUE

1. Did the trial court err in awarding Korsunsky the mechanics' lien when the Walshes failed to give notice under Minn. Stat. § 514.06 (1982)?

## ANALYSIS

The purpose of the Minnesota mechanics' lien statute is to reimburse unpaid laborers who perform services to improve real estate. *See* Minn.Stat. §§ 514.01–514.-17 (1982). Mechanics' liens are purely creatures of statute, and there must be substantial compliance with the statute if such liens are to be perfected. *Diethelm v. Cavanaugh,* 349 N.W.2d 608, 610 (Minn.Ct. App.1984) (citing *Armco Steel Corp. Metal Products Division v. Chicago & North Western Railway,* 276 Minn. 133, 149 N.W.2d 23 (1967)).

There are many types of services for which a mechanics' lien may be procured, such as erection or repair of a building, excavating or clearing land. *See* Minn. Stat. § 514.01 (1982). The lien is for the contract amount or for reasonable value of services. Minn.Stat. § 514.03 (1982). An owner who has not authorized an improvement may protect his interest from lien by serving notice within five days after knowledge of the improvement pursuant to Minn. Stat. § 514.06 (1982):

> When improvements are made by one person upon the land of another, all persons interested therein otherwise than as bona fide prior encumbrancers or lienors shall be deemed to have authorized such improvements, in so far as to subject their interests to liens therefor. Any person who has not authorized the same may protect his interest from such liens by serving upon the person doing work or otherwise contributing to such improvement within five days after knowledge thereof, written notice that the improvement is not being made at his instance * * *.

Prior to 1915, architects were entitled to liens for services in preparing plans and superintending construction where there was an actual improvement to which their work contributed. *Lamoreaux v. Andersch,* 128 Minn. 261, 263, 150 N.W. 908, 909 (1915); *Knight v. Norris,* 13 Minn. 473, (Gil. 438, 1868). In 1915, the Minnesota Supreme Court addressed the troubling question of whether to allow a mechanics'

lien where the owner of the land contracted with an architect and later blocked the actual construction. *Lamoreaux* at 267, 150 N.W. at 911. The court conceded that the lien statute, construed literally, does not expressly give a lien when no improvement is begun on the land. *Id.* at 265, 150 N.W. at 910. Even so, *Lamoreaux* held architects' plans were "constructive" improvements for the limited purpose of reimbursing an architect under contract with the owner. The court was clearly concerned with providing an equitable reimbursement to an architect who actually contracted with the owner.

Since *Lamoreaux*, the court has applied the "constructive" improvement doctrine to reimburse architects who contracted with owners who refused to pay when buildings were never actually constructed. *Burner v. Northwestern Bible and Missionary Training School*, 161 Minn. 480, 201 N.W. 939 (1925); *Jandrich v. Svabek*, 170 Minn. 24, 211 N.W. 957 (1927). It has never been disputed that laborers can be reimbursed when there is an actual improvement on the land. *Karl Krahl Excavating Co. v. Goldman*, 296 Minn. 324, 208 N.W.2d 719 (1973); *Nasseff v. Schoenecker*, 312 Minn. 485, 253 N.W.2d 374 (1977).

No case has addressed the question before us, concerning the application of a mechanics' lien where the owner was not a party to the contract between developer and architect, and no visible work was begun on the land. Korsunsky claims that the mechanics' lien statute applies to this situation. They argue the Walshes were required to give notice under Minn.Stat. § 514.06 (1982) to protect their land since they had knowledge of the intended improvement, the architects' plans.

■ The *Lamoreaux* court regarded its ruling as troublesome; therefore, it should be narrowly read. In addition, *Lamoreaux* was decided in 1915, before commercial developers were commonplace. The *Lamoreaux* doctrine of "constructive" improvement was not intended to cover a situation where the owner had no part in the contract. Recently, the Minnesota Supreme

Court expressed its aversion toward liens where there is no visible improvement upon the land, saying that if it were a case of first impression, it might well hold that there is no lien against the land unless something is done upon the land. *Dunham Assoc., Inc. v. Group Investments, Inc.*, 301 Minn. 108, 116, 223 N.W.2d 376, 382 (1974).

■ This is a difficult case. The Walshes knew of the plans between the architect and the developer. Yet, since they knew it was a contract, there was no reason for them to assume they needed to give notice. *Dunham* indicated the Minnesota Supreme Court wants the "constructive" improvement doctrine to be narrowly applied. To hold the Walshes liable for a contract they did not engage in would extend the "constructive" improvement doctrine well beyond *Lamoreaux* and its progeny. Therefore, the trial court erred in awarding the mechanics' lien, despite the fact that no notice was given.

### DECISION

Where the landowner is not a party to a contract between a developer and an architect for plans to improve his land, the developer is not the owner's agent, and no visible work was done on the property, a mechanics' lien will not attach.

Reversed.