KENKO, INC., Respondent,

v.

LOWRY HILL CONSTRUCTION
CO., Appellant,

City of Plymouth, et al., Defendants.

No. C6–86–498.

Court of Appeals of Minnesota.

Aug. 12, 1986.

Review Denied Oct. 22, 1986.

Robert J. Huber, Fabyanske, Svoboda and Westra, St. Paul, for respondent.

Curtis D. Smith, Moss & Barnett, Minneapolis, for appellant.

Heard, considered and decided by RANDALL, P.J., and LANSING and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Respondent, Kenko, Inc. (Kenko), a subcontractor, brought suit against the general contractor Lowry Hill Construction Company (Lowry Hill) for money due on a contract between the parties. The trial court held that as a matter of law the contract was a "unit price" contract and that Kenko had established the quantities of unit price items used in the project. The jury found that the construction had been completed in two stages thus entitling Kenko to higher prices for the second stage of construction. Kenko was awarded $58,-407.04. On appeal, Lowry Hill claims that the trial court erred when it determined that the contract between the parties was unambiguous and provided for unit pricing, when it prohibited evidence of subsequent discussions to show that the contract had been modified, and when the trial court reserved the mechanic's lien issue for later determination. We affirm.

## FACTS

Kenko, Inc. is an underground sewer contractor that made a successful bid on a townhouse project being constructed by Lowry Hill. The controlling agreement between the parties was entered into on July 19, 1982, and consists of a "Standard Subcontract Agreement" form and a rider.

The standard agreement states that Lowry Hill will pay Kenko "the sum of * * * $127,612.80 (See Rider No. 1)." Rider No. 1 provides in part:

6. The undersigned agree that the quantities bid on this improvement are approximate only and are subject to increase or decrease on a need basis. The sum paid to Kenko, Inc. shall be obtained by multiplying each unit price by the quantities thereof actually incorporated in the project.

At trial, Lowry Hill claimed that the contract was a "fixed price" contract which meant Kenko had agreed to do the work for the fixed price of $127,612.80. Kenko contended that the contract was a "unit price" contract meaning Lowry Hill would pay for the actual quantities used. Kenko claimed that the sum of $127,612.80 listed on the standard agreement form was merely its original bid and not the final price which would be determined under Rider No. 1.

Both parties agreed that Lowry Hill had made two payments of $50,400 and $64,451. Under Lowry Hill's interpretation of the contract, there was still $14,480.80 owing on the contract. Using the unit pricing method Kenko argued that Lowry Hill still owed $48,301.20. Lowry Hill did not pay either of these sums and Kenko filed a

breach of contract claim and a mechanic's lien claim. Sometime before trial the trial court separated the two claims. The mechanic's lien claim was combined with other mechanic's lien claims on the same project and the contract claim was then tried separately to a jury.

### ISSUES

1. Did the trial court err by finding the contract between the parties clear and unambiguous and excluding parol evidence?

2. Did the trial court abuse its discretion by excluding evidence of subsequent conduct that purportedly modified the contract?

3. Did the trial court err by determining that partial judgment on Kenko's contract claim did not affect Kenko's mechanic's lien claim?

### ANALYSIS

### I.

Lowry Hill argues that the standard subcontract agreement and the rider created an ambiguity as to whether the contract was based on a fixed price or priced per unit. Specifically, Lowry Hill stresses the fact that the standard agreement lists a single amount while the rider lists unit prices.

Whether a contract is ambiguous is a question of law to be determined in the first instance by the trial court. On appeal this court will determine whether the trial court was correct in finding there was no ambiguity. *Employers Liability Assurance Corp. v. Morse*, 261 Minn. 259, 263–64, 111 N.W.2d 620, 624 (1961).

■ In the present case we find no ambiguity in the contract. While the contract may have been somewhat clearer if the price line had included only the phrase "see Rider No. 1" and not the figure "$127,-612.80," the inclusion of the reference to the rider immediately after the sum negates any ambiguity. All other references in the standard contract and the rider are to unit prices. These references clearly

indicate that the contract is a unit price contract.

■ Lowry Hill claims that evidence outside the contract created an ambiguity. A contract is ambiguous, however, if the language in the contract itself is susceptible of more than one interpretation. *Lamb Plumbing & Heating Co. v. Kraus-Anderson*, 296 N.W.2d 859, 862 (Minn.1980). In this case, writings other than the contract could not be used to create an ambiguity which did not exist in the contract itself.

Lowry Hill also attempts to argue that the rider attached to the contract admitted into evidence was not the rider attached to the original contract. This issue was never raised, however, at the trial court level and will not be addressed for the first time on appeal. *Holtberg v. Bommersbach*, 235 Minn. 553, 554, 51 N.W.2d 586, 587 (1952).

### II.

Lowry Hill contends that the trial court erred by not allowing evidence of a conversation between the president of Lowry Hill and a Kenko employee subsequent to the signing of the contract. Lowry Hill claims this evidence would have shown that the parties intended the sum shown on the contract to be a final price.

■ It is true that the parol evidence rule does not apply to subsequent discussions that modify an original contract. *See Duffy v. Park Terrace Supper Club, Inc.*, 295 Minn. 493, 497–98, 206 N.W.2d 24, 27 (1973). In the present case, however, counsel for Lowry Hill made no offer of proof. Without an offer of proof this court has no way of knowing what the evidence would have shown and whether it was material. Without an offer of proof to answer these questions, a reviewing court cannot determine if the trial court's ruling was prejudicial and therefore we will not consider the claimed error. *See Wozniak v. Luta*, 258 Minn. 234, 241, 103 N.W.2d 870, 875 (1960).

## III.

 Finally Lowry Hill argues that once Kenko recovered on its contract claim its mechanic's lien claim should have been dismissed. The trial court found the partial judgment on Kenko's contract claim in no way affected its mechanic's lien rights which would be determined at a subsequent time.

Lowry Hill argues that *Smude v. Amidon,* 214 Minn. 266, 7 N.W.2d 776 (1943) controls the outcome of this case. We cannot agree. In *Smude* the plaintiffs had obtained a judgment in an action to foreclose a mechanic's lien. The issue on appeal was:

> whether plaintiffs likewise could waive their lien rights after the entry of judgment and after the time to appeal therefrom had expired and seek entry of personal judgment against the defendants personally liable without foreclosure sale.

214 Minn. at 269–70, 7 N.W.2d at 779. The present case is clearly not in the same procedural posture and therefore we do not find *Smude* controlling.

Neither can we find any statutory or case law that would preclude a party from maintaining both actions. As Kenko points out, there are rights afforded to a claimant in a mechanic's lien action such as attorney's fees and rights in the property itself, that are not available to a claimant in a contract action. Further, in *Kinzel v. Joslyn,* 158 Minn. 194, 197 N.W. 217 (1924) the Minnesota Supreme Court held:

> A personal action to recover the amount of the debt and a proceeding to enforce the lien may be maintained simultaneously, nor is the lien waived by bringing a personal action on the claim and the recovery of judgment therein.

*Id.* at 198, 197 N.W. at 218. *See also Hilltop Construction, Inc. v. Lou Park Apartments,* 324 N.W.2d 236, 240–41 (Minn.1982). Under these circumstances we conclude that the trial court properly determined that partial judgment on Kenko's contract claim did not affect its mechanic's lien claim. Certainly Lowry Hill continues to have available to it all arguments directed at preventing possible double recovery.

## DECISION

The trial court did not err in finding the language of the contract to be clear and unambiguous. Other claimed evidentiary errors were not properly preserved for appeal. Partial judgment on Kenko's contract claim does not preclude its mechanic's lien action.

Affirmed.